NATIONAL SURETY CO. OF NEW YORK *v.* TRUSTEES OF RUN-
NELSTOWN CONSOL. SCHOOL.*

(Division A. Feb. 7, 1927. Suggestion of Error Overruled March 7,
1927.)

[111 So. 445. No. 26092.]

1. PRINCIPAL AND SURETY. *Item for advertising for completion of
work may not be allowed against contractor's surety in absence
of proof of expenditure.*

Allowance against contractor's surety of item for advertising for
bids for completion of work on abandonment by contractor must
be held erroneous, in absence of any proof ·in the record that
such an expenditure was made.

2. PRINCIPAL AND SURETY. *Contractor's surety is not liable for at-
torney's fee of obligee suing on bond, in absence of statutory
or contract provision.*

Surety on contractor's bond is not liable for attorney's fee in-
curred by obligee in suit on bond on default of principal, neither
statute nor the bond providing therefor.

*Corpus Juris-Cyc References: Principal and Surety, 32Cyc, p. 114,
n. 48 New; p. 120, n. 5; p. 121, n. 6.

APPEAL from chancery court of Perry county.
HON. V. A. GRIFFITH, Chancellor.

Suit by the Trustees of Runnelstown Consolidated
School against the National Surety Company of New
York and another. From adverse decree, the named de-
fendant appeals. Reversed and remanded.

*Chalmers Alexander,* for appellant.

The lower court has no authority to decree that the Na-
tional Surety Company pay opposing parties' solicitor's
fees. There is nothing in the bond or contract of par-
ties saying that the National Surety Company must pay
the contractual agreement existing between the trustees

and their trusted solicitor. The decree of the court merely alleges that the expenditure was lawful, but not on any basis of evidence of law or agreement of parties. There was never any motion requesting allowance of any fee; no evidence; no notice before hand; nothing in the contract or bond to allow it.

As to the item of forty-four dollars and sixty cents, alleged to be for cost of publishing notice to bidders, we do not know what it is. Suddenly in the lower court, without evidence, without instruction, without notice, without motion, without any "by your leave," there is recited in a decree final that we must pay forty-four dollars and sixty cents for certain advertisement for bids. No evidence exists as to this advertisement or as to the item—when, where, why, on whose account, to what payee or advertiser, was the same paid by the trustees.

As to the law: Sureties are liable only in accordance with their undertaking. *Cahn* v. *Wright,* 119 Miss. 107. The contract of a surety is *strictissimi juris. Lipscomb* v. *Postell,* 38 Miss. 476, 77 Am. Dec. 658; *Greer* v. *Bush,* 57 Miss. 575.

*Currie & Currie,* for appellee.

It was manifestly the intention of the court in granting the final decree to require the appellant, the bond company, to pay whatever necessary attorney's fees had to be incurred and paid, because the court expressly held that the bond company had willfully breached its contract and bond, and had thereby rendered itself liable for all the damages which the trustees of the school and which the school district sustained as a proximate and direct result thereof.

The forty-four dollars and sixty cents was actually spent by the trustees in paying for advertisements for bids for the completion of the school house.

COOK, J., delivered the opinion of the court.

This is an appeal from a final decree of the chancery court of Perry county allowing as against the appellant, surety on a building contractor's bond, an attorney's fee incurred in litigation between the appellees and the surety, and also an item of advertising cost.

Except as to the allowance of these two items, the correctness or legality of the prior proceedings in the chancery court is in no wise involved, and upon that question we will express no opinion; but it will be necessary to briefly set forth the history of the litigation in order that the manner in which the questions now presented arose, may clearly appear.

The trustees of the Runnelstown consolidated school district entered into a contract with one L. D. Owens for the construction of a school building, the contractor to furnish all necessary material and labor, and complete the building for the sum of seventeen thousand four hundred ninety dollars. The contract required that the contractor should furnish a satisfactory bond for the faithful performance of all the provisions of the contract, and for the payment of all claims for material and labor used in the construction of said building, and the required bond with the appellant company as surety was executed; the bond containing, among others, the following provision:

"If said principal shall in any manner default in the performance of any matter or thing in said contract specified to be by said principal performed, or in the event said principal shall abandon the work provided by said contract to be done by said principal, the obligee shall immediately so notify the company, thereafter the company shall have the right at its option to assume and sublet said contract and to proceed thereunder as if no default or abandonment had occurred; and if the company elect to assume or assumes and sublets said contract, all moneys agreed therein to be paid said prin-

cipal and which at the time of the default are unpaid by the obligee shall thereupon belong and become payable to the company and shall be paid to it, anything to the contrary in said contract notwithstanding.''

The contract contained a provision for payments to be made to the contractor, as the work progressed, of eighty-five per cent. of the value of material used in the construction, and of proper material delivered on the premises, and after the contractor had partially completed the building and had received payments on the contract price to the amount of eleven thousand seven hundred eighty-nine dollars and twenty-five cents, he abandoned the work, leaving unpaid large claims for labor and material. Thereupon the appellees notified the appellant surety company of the default and repeatedly demanded that it assume the contract and complete the building and pay off the claims of laborers and materialmen, but for a period of about forty days after the breach of the contract the appellant made no response to these demands, and thereupon the appellees filed a bill in the chancery court against the contractor and the appellant surety company.

This bill of complaint averred the execution of the contract and bond, and the breach thereof, and set forth in detail the material provisions of the contract and bond, and what had been done by the contractor toward the performance of the contract before he abandoned the same, as well as the payments that had been made to the contractor. The bill also charged that the breach of the contract and the failure of the appellant to assume and complete the contract in accordance with the provisions of the bond were willful and obstinate; that numerous claimants for labor and material furnished to the contractor were threatening suits against the appellees, the approximate amounts of these claims and the names of the several claimants being set forth. Other detailed averments of the long bill of complaint are not necessary to be here stated. The prayer of the bill was

for a decree for all damages sustained as the proximate and direct result of the breach of the contract and bond, and that the defendants, and particularly the appellant surety company, be required to complete the building according to the plans and specifications therefor, or pay to the appellees the full amount required for the completion of the same up to the full penalty of the bond if it should require so much to complete it. The bill also prayed that the statutory notice of the suit be given to all persons having an interest therein for any debt or claim for materials or labor furnished in the construction of said building, and that the rights of all persons interested in the subject-matter of the suit should be adjudicated. Notice of the suit was given to the various claimants for labor and material furnished in the construction of the building, and they came in and filed petitions therein setting forth the nature and character of their claims, and praying for a decree against the contractor and the appellant surety company for the amount of their several claims.

The defendants answered the bill of complaint, and after an extended hearing upon the issues involved, including the amount of money necessary to complete the building, the chancellor granted a decree adjudging that the contractor had abandoned the contract and work without cause; that due notice of the breach of the contract and bond had been given to the appellant surety company; that said surety company thereafter failed to exercise within a reasonable time its option to assume the contract and complete the building, but withheld action on said option for an unreasonable and unnecessary length of time and thereby itself breached said contract and bond and became subject to suit thereon; that both the defendants breached the contract and bond, and failed, neglected, and refused to pay off and discharge the past-due debts for material and labor used in said building; and further ordered the contractor, or the surety if he should default in so doing, to pay over to

the appellees the sum of eight thousand dollars in cash to be used in the completion of said building; that within twenty days after the payment of said sum, the appellees should proceed to let a contract for the completion of said building to the lowest responsible bidder therefor; that they should keep a full, complete, and correct account of the cost of the completion of the building, and after the completion thereof file in the cause a full and complete report and account of the costs of the construction and completion of the building and pay over to the court any of the said eight thousand dollars left over in their hands after the completion of the building; and the court expressly retained jurisdiction of the cause and the entire subject-matter so as to enable the court to make any other or further necessary orders therein. Separate decrees were entered in favor of the several laborers and materialmen whose claims were filed in the cause.

The surety company was granted an appeal from this interlocutory decree, but this appeal was afterwards dismissed by this court for the reason that it was not perfected within the time allowed by law. After the dismissal of this appeal, the surety company paid off all the debts or claims for labor and material used by the contractor in the construction of the building, and paid into court or into the hands of appellees the sum of eight thousand dollars, as required by the above-mentioned decree. In the meantime, and while the said appeal was pending in this court, the appellees let a contract for the completion of the building at a price of thirteen thousand dollars, and it was promptly completed under this contract. In the payment of the thirteen thousand dollars required to complete the building, the appellees applied the eight thousand dollars paid in by the appellant, and also five thousand dollars of the five thousand seven hundred nine dollars and twenty-five cents of the original contract price which remained in their hands at the time of the breach of the original contract.

On August 15, 1925, while the appeal from the interlocutory decree was still pending in this court, the appellees presented to the chancellor an *ex parte* petition setting up in detail the execution and breach of the contract and bond, the employment of attorneys to prosecute necessary litigation against the contractor and his surety, the results obtained by such litigation, and praying for directions as to their right to pay attorney's fees of seven hundred dollars out of the portion of the original contract price which remained in their hands at the time of the breach of the original contract. On the same day, and without notice to this appellant, the chancellor granted a decree adjudging that it had been necessary for the appellees to employ counsel to represent the interests of the school district; that seven hundred dollars was a reasonable fee for the services rendered by such attorneys up to that time; that there remained in the hands of appellees an unexpended balance of the original contract price of five thousand seven hundred nine dollars and twenty-five cents; that after the payment of the sum of seven hundred dollars as attorney's fees out of this fund, the remaining five thousand dollars, together with the eight thousand dollars ordered to be paid in by the appellant, would be sufficient to complete the building; and authorizing and directing the appellees to pay to their attorneys, out of the funds then in their hands, an attorney's fee of seven hundred dollars.

After the dismissal of the appeal from the interlocutory decree as hereinbefore stated, and after the completion of the building, the cause came on for final hearing on the report of the appellees as to expenditure and disposition of the funds in their hands. This report showed merely the contract for the completion of the building at a price of thirteen thousand dollars, and the payment of this sum by the application of five thousand dollars out of the funds remaining in their hands at the time of the original breach of the contract, and the eight thousand dollars paid to them by the surety company

under the order of the court. Upon this report the chancellor entered a final decree approving it and relieving the appellees from further accounting, and allowing appellees and attorney's fee of five hundred dollars, and also an item of forty-four dollars and sixty cents expended by them in advertising for bids for the completion of building; and directing that upon the payment of the total sum of five hundred forty-four dollars and sixty cents and all costs of court, that both the defendants be thereafter fully and completely discharged from other and further liability on said contract and bond. From this decree the surety company prosecuted this appeal, assigning as error the allowance of attorney's fees and advertising costs as against the bond.

As to the item of forty-four dollars and sixty cents advertising costs, it will be sufficient to say that there is no proof whatever in this record that will sustain the allowance of this item. The report of expenditures filed by the appellees contains no reference to this item, and it is nowhere mentioned in the record except in the final decree allowing it. Knowing as we do how painstaking and careful the learned chancellor is in reference to such matters, if permitted to do so, we might well assume that some proof of the expenditure of this item was before him; but we are bound by the record before us. In the course of certain written interrogatories addressed to counsel for the respective parties, we asked counsel to point out in the record the proof sustaining the allowance of this item, or even where it is mentioned in the record except in the final decree. In answering these interrogatories counsel for appellees did not attempt to point out such proof, but rested upon the assertion in the brief that such expenditure was actually made. In the absence of any proof in the record that such an expenditure was made, we must hold that the allowance of this item was erroneous.

In the absence of a statute or contract authorizing the collection of such fees, adversary attorney's fees are not

recoverable in a suit for the breach of a contract. We have no statute making the surety on a contractor's bond liable for attorney's fees incurred by the obligee in case of default by the principal and suit on the bond, and neither the contract nor the bond in the case at bar contained any such provision. This being true, we are of the opinion that the allowance of attorney's fees was erroneous.

The decree of the court below will therefore be reversed, and the cause remanded for a proper accounting to the appellant for any balance of the eight thousand dollars paid in by it. The appellees will not, however, be required to account to the appellant for any statutory damages that may have accrued and been paid in by reason of the failure of its former appeal in this cause.

*Reversed and remanded.*