218 So.2d 1 (1968)
FAULKNER CONCRETE PIPE COMPANY, a Corporation
v.
UNITED STATES FIDELITY & GUARANTY COMPANY, a Corporation, and American Construction Company, Inc., a Corporation.
No. 45078.
Supreme Court of Mississippi.
November 25, 1968.
Rehearing Denied February 10, 1969.
*2 Sullivan & Sullivan, Hattiesburg, for appellant.
James H.C. Thomas, Jr., M.M. Roberts, Hattiesburg, for appellee.
RODGERS, Justice:
The City of Laurel, Mississippi, and the American Construction Company, Inc. entered into a contract on July 10, 1964 to add additional lines to the city sewer system. In compliance with the requirements of section 9014, Mississippi Code 1942 Annotated (1956), the appellee, the American Construction Company, Inc., hereafter called "Construction Company," entered into bond with appellee, United States Fidelity & Guaranty Company, whereby it was agreed that the contractor "shall promptly make payments to all persons supplying labor or material therefor." The surety bond here involved had no specific provisions for the payment of attorneys' fees; however, the appellant, Faulkner Concrete Pipe Company, hereafter called "Appellant," and the contractor, Construction Company, entered into a written contract on or about July 14, 1964, in which the appellant agreed to furnish pipe and materials to the Construction Company, provided that on default of payment the Construction Company would pay "all attorneys' fees and other costs of collection." From August 1964 through August 1965 the appellant furnished pipe and materials to the Construction Company under the terms of the contract, for which the Construction Company owed the appellant the sum of $45,945.29, after deducting a credit allowed the Construction Company of $1,034.57.
Notice of completion of the contract was published on June 10, 1966, and having failed to collect its account, including interest, in the total sum of $51,571.16, the appellant filed suit on December 22, 1966 for the account plus 6% interest from December 1, 1966 (the date the interest was calculated) to December 22, 1966 (the date the declaration was filed), and 6% interest until paid.
After the appellant had made demand upon the Construction Company for the sum due it, the Construction Company contended that the appellant failed to furnish certain grout for use in joining the pipe. The appellant, however, contended that the Construction Company owed it an additional sum for interest due under the terms of the contract. The appellant contended that the Construction Company owed it, on December 20, 1966, interest in the amount of $5,625.87. On June 18, 1966, the Construction Company had tendered its check to the appellant for the exact amount due, $45,945.29, without any interest. This check was returned to the Construction Company on June 20, 1966, and the Construction Company wrote a letter to the appellant admitting that it owed interest, but contended that the interest was offset by a claim for a faulty pipe furnished by the appellant. The appellant then advised the Construction Company by letter that it expected to file suit as soon as the law would permit suit to be filed. A copy of this letter was mailed to the United States Fidelity & Guaranty Company. In this letter Appellant reminded the Construction Company that the contract between them provided for attorneys' fees if suit were filed, and stated that attorneys' fees would be added to the claim.
The appellees filed their joint answer to the declaration admitting the indebtedness due and tendered into court a check for $45,945.29. It denied that the appellant was due interest at the date of the original tender on June 18, 1966.
After the case had been submitted to the jury, the trial judge instructed the jury that it should not find against the defendant, United States Fidelity & Guaranty Company, for attorneys' fees, but he instructed the jury to find against the defendants, Construction Company and United States Fidelity & Guaranty Company, for interest in the sum of $7,511.75, unless the jury found that the plaintiff, appellant here, agreed to allow the Construction Company credit for grouting defective pipe.
*3 The jury returned a verdict in favor of the appellant, Faulkner Concrete Pipe Company, and against both defendants, United States Fidelity & Guaranty Company and the Construction Company, for the sum of $45,945,29 and an additional sum of $7,511.75 for interest. The jury also allowed 25% attorneys' fees against the American Construction Company, Inc., but not against United States Fidelity & Guaranty Company. The Faulkner Concrete Company has appealed to this Court and contends that the trial court erroneously held and instructed the jury that appellant was not entitled to a judgment for attorneys' fees against United States Fidelity & Guaranty Company.

I.
We are of the opinion that this point of argument has been previously settled by this Court, adverse to the contentions of the appellant, in the case of National Surety Company of New York v. Trustees of Runnelstown Consolidated School, 146 Miss. 277, 284-285, 111 So. 445, 448 (1927). We had this to say on this subject in that case:
"In the absence of a statute or contract authorizing the collection of such fees, adversary attorney's fees are not recoverable in a suit for the breach of a contract. We have no statute making the surety on a contractor's bond liable for attorney's fees incurred by the obligee in case of default by the principal and suit on the bond, and neither the contract nor the bond in the case at bar contained any such provision. This being true, we are of the opinion that the allowance of attorney's fees was erroneous."
This ruling was reaffirmed in Mississippi Fire Insurance Company v. Evans, 153 Miss. 635, 120 So. 738 (1929); Alexander v. The Fidelity & Casualty Company, 232 Miss. 629, 100 So.2d 347 (1958). See also Annot., 69 A.L.R.2d 1046 (1960); 72 C.J.S. Principal and Surety § 115 (1951). The case of McElrath & Rogers v. W.G. Kimmons & Sons, 146 Miss. 775, 112 So. 164 (1927) seems to hold to the contrary, but upon examination of the original record filed in this Court we found that the surety bond itself provided for attorneys' fees. Of course, the "contract" mentioned in the foregoing quotation from the Runnelstown Consolidated School case means the contract entered into between the public authorities and the building contractor, and it does not mean, as is contended in this case, a contract between the materialman and the building contractor.
Our ruling in the Runnelstown Consolidated School case has been cited as good law in other states. See Fausett Builders v. Globe Indemnity Co., 220 Ark. 301, 247 S.W.2d 469 (1952); State ex rel. Reilly v. U.S.F. & G. Co., Ind. App., 27 N.E.2d 401 (1940); see also 72 C.J.S. Principal and Surety § 115 (1951). We must hold, therefore, that the trial court was correct in its ruling that the appellant was not entitled to recover necessary attorneys' fees in the collection of its demand as against the surety company, although it was entitled to recover attorneys' fees under the terms of its contract from the construction contractor.

II.
We agree with the contention of the appellant that it is entitled to interest upon the amount due appellant after thirty days from the time when the amount of each invoice was sold and delivered by the appellant to the building contractor, and it became due and payable to the appellant. Moreover, the appellant was entitled to recover such interest from the surety company under its construction bond.
In the case of Mississippi Fire Insurance Company v. Evans, 153 Miss. 635, 648, 120 So. 738, 743 (1929), we said this:
"The court below allowed some of the materialmen interest on the money due them by Pittman from the date the money became due. This is objected to by the appellant, on the ground that the bond covers only the principal of the debt due *4 by Pittman to laborers and materialmen. The bond does not expressly provide for interest on such debts, but interest thereon follows as a necessary incident thereto, under chapter 229, Laws of 1912 (Hemingway's 1927 Code, § 2223), and in Stowell v. Clark, 152 Miss. 32, 118 So. 370, was held to be within the obligation of a builder's surety bond."
Our ruling in that case has been affirmed in United States Fidelity & Guaranty Company v. Parsons, 154 Miss. 587, 122 So. 544 (1929).
This seems to be the general rule adopted by most of the courts of the United States. See 72 C.J.S. Principal and Surety § 113 (1951); 8 Am.Jur. Bonds § 88 (1937); 11 C.J.S. Bonds § 132(b) (1938).

III.
The trial court instructed the jury that the plaintiff, appellant here, was at the time of the trial entitled to recover from the surety company and the Construction Company the sum of $7,511.75 interest upon the principal amount due the appellant, unless the jury believed that there was an agreement to allow the contractor credit for grouting the pipes.
The cross-appellants contend on cross-appeal that the amount of interest allowed by the court was erroneous, because the appellant was entitled to recover interest against the surety company only from and after June 9, 1966, the date when the contract was completed. It is said, interest on $45,945.21 at 6% from that date to the date of the judgment of the court in this case (August 24, 1967) amounted to approximately $3,200. That is to say: the interest was figured from the wrong date. Cross-appellant cites McElrath & Rogers v. W.G. Kimmons & Sons, 146 Miss. 775, 112 So. 164 (1927), as authority for this assertion. In that case, however, we said: "We do not think the interest claimed is maintainable in the present suit." This case, therefore, is no authority for the proposition that the interest runs only from the date of the completion of the project.
Under the terms of the contract between appellant and the construction contractor, the construction contractor was entitled to a 2% discount if the bill were paid within 20 days from the date of the invoice, or 30 days net, but the building contractor was required to pay interest at 6% per annum on the amount of the invoice from and after 30 days from the due date.
We do not believe that the argument of cross-appellant to the effect that United States Fidelity & Guaranty Company was not responsible to see that the building contractor promptly paid for the materials used in the project is well taken, because, under the terms of section 9014, Mississippi Code 1942 Annotated (1956), the bonding company was bound to see that this bill was promptly paid. This section requires that the building contractor "shall be required before commencing same to execute the usual bond, with good and sufficient sureties, with the additional obligation that such contractor or contractors shall promptly make payments to all persons supplying labor or material therefor * * *." This section obviously contemplates that if the construction contractor fails to make prompt payment as required by the law, the surety company is liable under its bond for the interest due to the persons and firms furnishing such materials from the date when payment should have been made.
In the instant case, payment was due on each invoice thirty days after delivery. There is no complaint as to the accuracy of the amount of interest figured from the date of delivery, and therefore we are of the opinion that the ruling of the trial court set out in the foregoing instruction to the jury was correct. The judgment of the trial court should be, and it is, hereby affirmed on direct and cross-appeals.
Affirmed.
GILLESPIE, P.J., and PATTERSON, INZER and ROBERTSON, JJ., concur.