ROBERTSON, Justice:
Appellant, Faulkner Concerté Pipe Company, brought three separate suits in the Circuit Court of Forrest County against the appellee, United States Fidelity & Guaranty Company, as surety on three bonds for Service Contractors Supply Company, Inc., which bonds were executed and issued in accordance with the requirements of Section 9014 Mississippi Code 1942 Annotated (1956), which provides: “[W]ith the additional obligation that such contractor or contractors shall promptly make payments to all persons supplying labor or material therefor; * * These suits were brought to recover for materials furnished, interest thereon, and attorneys’ fees incurred in attempting to collect these unpaid accounts.
The surety company filed a motion to transfer these causes to the chancery court, setting up as its grounds therefor that Felon W. McCall, Ora Lewis McCall, Hiram B. Smith, Erna Mae J. Smith, Preston O. Gordon, and Mrs. Mary Frances H. Gordon were indemnitors of the surety company and were necessary parties to this litigation. The surety company contended in its motion that a multiplicity of suits could be avoided by transferring these three suits to the chancery court.
The circuit court sustained this motion to transfer; and after the transfer had been made, the surety company filed a plea in abatement for nonjoinder of parties and prayed that the proceedings be stayed until the said six indemnitors, Service Contractors Supply Company, Inc., and Mississippi State Sanatorium were made parties defendant and properly brought into court.
The chancery court sustained the plea in abatement and ordered the complainant to amend its pleadings by joining all the named parties as defendants “all with view of making it possible for the defendant to have in its cross-bill any claim it may have against the defendants being brought into court through this order.”
The appellant, Faulkner Concrete Pipe Company, amended its three bills of complaint and added Felon W. McCall and the others as parties defendant. The surety company thereupon filed amended cross-bills against all parties defendant. The chancery court sustained the general demurrers of the six individual defendants to the amended bills of complaint and the amended cross-bills and dismissed the causes as to Felon W. McCall and the five other individual defendants, but provided that “the cause continues a pending one against Service Contractors Supply Company, Inc. * * * ”
The three separate suits were consolidated for trial and thereafter tried as one suit. The chancery court entered its decree finding that the appellant, Faulkner Concrete Pipe Company, was entitled to recover attorneys’ fees from Service Contractors Supply Company, Inc., but was not entitled to recover attorneys’ fees from the surety company, United States Fidelity & Guaranty Company, because there was no provision in the contract bond executed by Service Contractors Supply Company, *382 Inc., as Principal, and United States Fidelity & Guaranty Company, as Surety, for the payment of attorneys’ fees.
The chancery court adjudged in its final decrees that the claims of the surety company against the individual guarantors, in-demnitors or co-venturers were prematurely made and could be asserted in a separate cause only after the surety company had paid and satisfied the decrees entered against it in favor of Faulkner Concrete Pipe Company.
The only assignment of error by appellant Faulkner Concrete Pipe Company was that the lower court erred in refusing to award attorneys’ fees against United States Fidelity & Guaranty Co., surety. This exact question was decided adversely to the contention of the appellant on November 25, 1968, in Faulkner Concrete Pipe Co. v. United States Fidelity & Guaranty Co. and American Construction Co., Inc., 218 So.2d 1 (Miss.1968).
United States Fidelity & Guaranty Co., as cross-appellant, assigned as error the sustaining of the general demurrers of Felon W. McCall and the five other individual defendants to the amended bills of complaint and the amended cross-bills.
We are of the opinion that the chancery court was correct in sustaining the general demurrers of the individual defendants. Faulkner Concrete Pipe Company had no quarrel with the six individual defendants and brought them in only after being ordered so to do so that the surety company could assert its claims against these individual defendants. Faulkner was not a party to the separate contracts of guaranty or indemnity executed by the individual defendants to the surety company; it was not connected with or concerned with the individual defendants in any way.
We are familiar with the provision of Section 1307 Mississippi Code 1942 Annotated (1956), which provides: “[T]he uniting in one bill of several distinct and unconnected matters of equity against the same defendants shall not be an objection to the bill.”
It is at once apparent that these bills of complaint do not unite distinct and unconnected matters of equity against the same defendants. They unite distinct and separate matters against different and unconnected defendants. Judge Campbell, speaking for the Court, set this matter at rest soon after the statute was enacted. This Court said in Columbus Insurance and Banking Co. v. Humphries, 64 Miss. 258, 1 So. 232 (1886):
“Section 1886, of the Code (1880) applies to one form of multifariousness, as formerly existing, hut in no way affects the question as to disconnected parties or subjects.” Id. at 276, 1 So. at 234. (Emphasis added).
Griffith, in his Mississippi Chancery Practice (2d ed. 1950) Section 200, p. 186, expresses the rule in this way:
“[I]t is clear that where a bill combines separable subjects, demands different modes of relief against defendants not having a community of interest in all or any of the subjects and against whom the complainant does not assert a common right it is multifarious.”
The chancellor found that the surety company had paid no claims under its bonds and that no causes of action had accrued under contracts of guaranty or indemnity with the individual defendants. In other words, these separate and distinct causes of action against unconnected defendants had not even matured at the time complainant brought suit and would not mature until the main suit had been concluded and the surety company had paid off. The chancellor was correct in his conclusions and in sustaining the general demurrers of the six individual defend *383 ants. The judgment of the chancery court is affirmed on direct and cross appeals.
Affirmed.
GILLESPIE, P. J., and RODGERS, JONES and PATTERSON, JJ., concur.