# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2009-CA-00446-SCT

*FIDELITY & DEPOSIT COMPANY OF
MARYLAND*

*v.*

*RALPH McKNIGHT & SON CONSTRUCTION,
INC., TOMMY L. McKNIGHT AND VONDA L.
McKNIGHT*

| | |
|---|---|
| DATE OF JUDGMENT: | 12/05/2008 |
| TRIAL JUDGE: | HON. CYNTHIA L. BREWER |
| COURT FROM WHICH APPEALED: | ATTALA COUNTY CHANCERY COURT |
| ATTORNEYS FOR APPELLANT: | ALEC M. TAYLOR |
| | DAVID J. KREBS |
| | ELLIE B. WORD |
| ATTORNEYS FOR APPELLEES: | R. ADAM KIRK |
| | ANDREW J. KILPATRICK, JR. |
| NATURE OF THE CASE: | CIVIL - CONTRACT |
| DISPOSITION: | REVERSED AND REMANDED - 02/25/2010 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE WALLER, C.J., LAMAR AND PIERCE, JJ.**

**WALLER, CHIEF JUSTICE, FOR THE COURT:**

¶1.     Fidelity and Deposit Company of Maryland filed suit against Ralph McKnight & Son

Construction, Inc., Tommy L. McKnight, and Vonda L. McKnight (collectively "McKnight")

in the Chancery Court of Attala County.  Fidelity sought injunctive relief and specific

performance of an indemnity agreement entered with McKnight in conjunction with

Fidelity's issuance of a performance bond.  The chancellor dismissed the case on the basis

that Mississippi Code Section 31-5-41 prohibits Fidelity from seeking indemnity for its own negligence. Fidelity now appeals. We find that Section 31-5-41 does not apply to this case. Therefore, we reverse and remand.

**FACTS**

¶2. C&I Entertainment, LLC, contracted with McKnight for the construction of a theater/skating rink in Kosciusko, Mississippi. C&I required McKnight to obtain a performance bond for the project. McKnight then entered into an indemnity agreement with Fidelity which, in turn, issued a performance bond naming McKnight as principal and C&I as obligee.

¶3. Following completion of the project, a dispute arose between McKnight and C&I about the quality of construction and warranty obligations. C&I withheld its final payment and litigation ensued.

¶4. McKnight filed suit against C&I to recover unpaid funds.[1] C&I counterclaimed for damages associated with McKnight's alleged construction defects. C&I further notified Fidelity about McKnight's alleged breach of contract and demanded that Fidelity fulfill its obligations under the performance bond. Fidelity, however, denied C&I's demand on the bond. As a result, C&I sued Fidelity for breach of performance bond and bad-faith denial of C&I's claim.[2]

---

[1] McKnight's suit against C&I, along with C&I's counterclaim, is presently ongoing.

[2] C&I initially filed suit against Fidelity in the Circuit Court of Attala County. This suit was removed to federal court where it remains pending.

2

¶5.    Faced with potential liability to C&I, Fidelity attempted to enforce its indemnity agreement with McKnight. The indemnity agreement required McKnight to provide Fidelity "reasonable access" to McKnight's financial statements and to indemnify Fidelity "as soon as liability exists or is asserted against [Fidelity]," in an amount equal to the reserves set aside by Fidelity. McKnight refused to provide sworn financial statements and refused to match the $475,000 that Fidelity had set aside in reserves.

¶6.    Fidelity filed this suit against McKnight for *quia timet* relief and specific performance. McKnight responded by filing a motion to dismiss and for sanctions. McKnight asserted that the indemnity agreement did not apply because Fidelity's potential liability arose out of its own negligence; and that Mississippi Code Section 31-5-41[3] prohibits indemnification for one's own negligence in construction contracts. Fidelity filed a response requesting summary judgment.

---

[3] Mississippi Code Section 31-5-41 states that:

> With respect to all public or private contracts or agreements, for the construction, alteration, repair or maintenance of buildings, structures, highway bridges, viaducts, water, sewer or gas distribution systems, or other work dealing with construction, or for any moving, demolition or excavation connected therewith, every covenant, promise and/or agreement contained therein to indemnify or hold harmless another person from that person's own negligence is void as against public policy and wholly unenforceable.
>
> This section does not apply to construction bonds or insurance contracts or agreements.

Miss. Code Ann. § 31-5-41 (Rev. 2008).

¶7.   Following a hearing, the chancellor granted McKnight's motion to dismiss without sanctions.   Although Section 31-5-41 applies explicitly to construction contracts, not performance bonds, the chancellor applied the statute because the performance bond incorporated the construction contract by reference.   The chancellor found that C&I's pending suit against Fidelity was based upon Fidelity's negligent, bad-faith denial of C&I's claim.   Fidelity thus sought indemnification for its own negligence, which Section 31-5-41 forbids

¶8.   Fidelity now appeals, asserting that the chancellor erred in granting McKnight's motion to dismiss and in denying Fidelity's motion for summary judgment.

**DISCUSSION**

**I.   Whether the chancellor erred in granting McKnight's motion to dismiss.**

¶9.   This Court uses a de novo standard of review when considering the grant or denial of a motion to dismiss. ***Harris v. Miss. Valley State Univ.***, 873 So. 2d 970, 988 (Miss. 2004). In considering such motions, "the allegations in the complaint must be taken as true, and the motion should not be granted unless it appears beyond a reasonable doubt that the plaintiff will be unable to prove any set of facts in support of his claim." ***Id.*** (citing ***T.M. v. Noblitt***, 650 So. 2d 1340, 1342 (Miss. 1995)).

¶10.   We find that Section 31-5-41 is itself dispositive of this case.  The last sentence of the statute states that its provisions do not apply to "construction bonds." Miss. Code Ann. § 31-5-41 (Rev. 2008).  A performance bond is a type of construction bond. *See **Morgan v. U. S. Fid. & Guar. Co.***, 191 So. 2d 851, 852 (Miss.1966) (referring to performance and payment bonds as construction bonds); ***Alexander v. Fid. & Cas. Co.***, 232 Miss. 629, 633,

4

100 So. 2d 347, 348 (Miss. 1958) (describing a performance bond and then indirectly equating it to a construction bond); *see also* Roger P. Sauer, Kevin J. Russell, & James E. Rudwick, *Performance Bonds*, in 2 Construction Law Handbook § 35.03, at 1278 (Robert F. Cushman & James J. Myers eds., Aspen Law & Business 1999) ("[t]he two main construction bonds are performance bonds and payment bonds"). Section 31-5-41 then, by its own language, excepts performance bonds. This remains true even if the performance bond incorporates the construction contract by reference. Performance bonds routinely incorporate the pertinent construction contract by reference. Benjamin D. Lentz, *Default, Notice of Default, Impact Upon Surety's Obligations Where Notice Is Not Given*, in The Law of Performance Bonds at 21-22, (Lawrence R. Moelmann & John T. Harris eds., ABA 1999); David C. Dreifuss, *Bond, Contractual, and Statutory Provisions and General Agreement of Indemnity*, in Bond Default Manual, Second Edition at 5 (Duncan L. Clore ed., ABA 1995). The most commonly used performance bond forms include such language. *See* Deborah S. Griffin, *Completion by the Bond Obligee*, Bond Default Manual, Second Edition at 212-13 (Clore ed., ABA 1995); Bond Default Manual, Second Edition at app. 421, 423 (Clore ed., ABA 1995). Incorporation by reference simply indicates that the bond and construction contract set forth "mutually interdependent rights and obligations," and that the two documents must be construed together. *See **State for Use of Nat'l Sur. Corp. v. Malvaney et al.**,* 221 Miss. 190, 209-10, 72 So. 2d 424, 431 (1954).

¶11.  Because Section 31-5-41 exempts construction bonds from its application, the chancellor erred in granting McKnight's motion to dismiss.

  **II.    Whether the chancellor erred in denying summary judgment for Fidelity.**

5

¶12. The parties dispute whether the issue of summary judgment is ripe for appeal. McKnight argues that this Court should not address the issue because the chancellor never ruled on Fidelity's motion for summary judgment. Fidelity, on the other hand, points out that twice during the hearing, the chancellor stated that Fidelity's motion for summary judgment was before her.

¶13. Although the chancellor twice mentioned Fidelity's motion for summary judgment at the hearing, she never ruled on that issue. At the beginning of the hearing, the chancellor noted that McKnight's motion to dismiss and Fidelity's motion for summary judgment were before her. She then said "[l]et us begin with . . . [McKnight's] Motion to Dismiss and for Sanctions." From that point on, the motion for summary judgment was not addressed. The chancellor labeled her final order an "Order on [McKnight's] Motion to Dismiss and for Sanctions." In the order, she stated that oral arguments had been heard on McKnight's motion to dismiss. The order never references summary judgment.

¶14. This Court does not consider matters that have not been decided by the trial court. ***Bryant Const. Co., Inc. v. Cook Constr. Co., Inc.***, 518 So. 2d 625, 632 (Miss. 1987) (citing ***Educ. Placement Servs. v. Wilson***, 487 So. 2d 1316, 1320 (Miss. 1986)). Because the chancellor never decided the merits of Fidelity's motion for summary judgment, we do not address this issue on appeal.

**CONCLUSION**

¶15. Because Section 31-5-41 excepts construction bonds, e.g., performance bonds, the statute does not bar Fidelity's suit. Accordingly, we find that the chancellor erred in granting

6

McKnight's motion to dismiss. Furthermore, we decline to consider Fidelity's motion for summary judgment because the issue is not ripe for appeal.

¶16.    **REVERSED AND REMANDED.**

**CARLSON, P.J., DICKINSON, RANDOLPH, LAMAR, KITCHENS, CHANDLER AND PIERCE, JJ., CONCUR. GRAVES, P.J., CONCURS IN RESULT ONLY.**