# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2001-CA-01816-SCT

*LARRY McPHAIL*

*v.*

*CITY OF LUMBERTON, MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 11/13/2001 |
| TRIAL JUDGE: | HON. MICHAEL R. EUBANKS |
| COURT FROM WHICH APPEALED: | LAMAR COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | ORVIS A. SHIYOU |
| ATTORNEY FOR APPELLEE: | WILLIAM E. ANDREWS, III |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | AFFIRMED AS MODIFIED - 12/12/2002 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE McRAE, P.J., EASLEY AND CARLSON, JJ.**

**EASLEY, JUSTICE, FOR THE COURT:**

¶1.     On April 1, 1999, the Board of Aldermen (Board) for the City of Lumberton (Lumberton), Mississippi, voted to remove Larry McPhail (McPhail) from his position as municipal judge by a majority vote.[1] The Board, on April 6, 1999, voted to reconsider the action taken on April 1, 1999, regarding McPhail. The minutes reflect that all aldermen were present on April 6, 1999. Mayor Russell Ladner (Mayor) vetoed this action. On April 10, 1999, a majority of the Board voted to reinstate McPhail as

---

[1] April 1, 1999 Meeting:
Alderman Rheams voted "Aye"
Alderman Merritt abstained
Alderman Marsh voted "Nay"
Alderman Beall voted "Aye"
Alderman Cooley was absent and not voting

municipal judge.[2] The Mayor vetoed the motion to reinstate McPhail as municipal judge. Subsequent thereto, the Board attempted to override the Mayor's veto of the order to reinstate McPhail as municipal judge. The minutes reflect that Alderman Cooley, Alderman Merritt and Alderman Marsh voted "Aye" to override the Mayor's veto. Alderman Rheams voted "Nay," and Alderman Beall was shown as absent and not voting. According to the minutes, the motion to override the Mayor's veto failed since four of the five board members did not vote "Aye."

¶2.     McPhail filed his complaint in the Circuit Court of Lamar County, Mississippi, on June 30, 2000, seeking reinstatement of his position as city judge. The trial court conducted a hearing on Lumberton's motion to dismiss. Lumberton's motion to dismiss was denied by the trial court on November 5, 2001.

¶3.     Lumberton filed its motion to reconsider and motion for summary judgment. In considering Lumberton's motion for summary judgment, the trial court determined that McPhail was a discretionary employee who was properly removed from his position as municipal judge. The circuit court further held that McPhail did not obtain the necessary two-thirds majority vote of the members of the Board in order to override the Mayor's veto of the Board's majority vote to reinstate McPhail.

¶4.     McPhail appeals raising two issues, while Lumberton raises the following issue on appeal:

I.     **Whether McPhail was time barred from bringing any action against Lumberton in accordance with Miss. Code Ann. § 11-51-75.**

## DISCUSSION

---

[2] April 10, 1999 Meeting:
     Alderman Rheams abstained.
     Alderman Merritt voted "Aye."
     Alderman Marsh voted "Aye."
     Alderman Beall voted "Aye."
     Alderman Cooley was absent and not voting.

# I. Miss. Code Ann. § 11-51-75

¶5.     Lumberton argues on appeal that McPhail's case should have been dismissed on jurisdictional grounds due to McPhail's failure to timely appeal the adverse decision of the municipal authorities to terminate his services in accordance with Miss. Code Ann. § 11-51-75 (2002). The record does not reflect that McPhail ever addressed Miss. Code Ann. § 11-51-75 on appeal. Miss. Code Ann. § 11-51-75 provides in pertinent part:

> Any person aggrieved by a judgment or decision by the board of supervisors, or municipal authorities of a city, town, or village, may appeal within ten (10) days from the date of adjournment at which session the board of supervisors or municipal authorities rendered such judgment or decision, and may embody the facts, judgment and decision in a bill of exceptions which shall be signed by the person acting as president of the board of supervisors or of the municipal authorities. The clerk thereof shall transmit the bill of exceptions to the circuit court at once, and the court shall either in term time or in vacation hear and determine the same on the case as presented by the bill of exceptions as an appellate court, and shall affirm or reverse the judgment. If the judgment is reversed, the circuit court shall render such judgment as the board or municipal authorities ought to have rendered, and certify the same to the board of supervisors or municipal authorities. Costs shall be awarded as in other cases. The board of supervisors or municipal authorities may employ counsel to defend such appeals, to be paid out of the county or municipal treasury. Any such appeal may be heard and determined in vacation in the discretion of the court on motion of either party and written notice for ten (10) days to the other party or parties or the attorney of record, and the hearing of same shall be held in the county where the suit is pending unless the judge in his order shall otherwise direct.

¶6.     The circuit court addressed Miss. Code Ann. § 11-51-75 in its November 5, 2001, final judgment reasoning that:

> Lumberton ... argues that Miss. Code Ann. § 11-51-75 provided a statute of limitation of ten days for McPhail to appeal the April 1999 decision to the Board to terminate his appointment. Lumberton argues that McPhail brought this suit on June 30, 2000, and therefore, is barred by the ten day statute of limitation. At oral argument counsel for McPhail agreed with this interpretation of § 11-51-75, however, the issue as framed by McPhail, was the authority of Lumberton to remove a sitting judge, not the decision reached by the Board. This [c]ourt agrees with both counsel for Lumberton and McPhail that, had McPhail attempted to challenge the vote of the Board terminating his appointment

3

as municipal court judge, that his action would be barred by § 11-51-75. That, however, was not the issue before this court.

¶7. The act of a municipality which leaves a party aggrieved is appealable to the circuit court where all of the issues of the controversy are finally disposed of by order of the municipal authorities. *Garrard v. City of Ocean Springs*, 672 So.2d 736, 738 (Miss. 1996). This matter was finally disposed of on May 4, 1999, when the Board failed to sustain a motion to take up the Mayor's veto of McPhail's reinstatement. The lawsuit was filed by McPhail on June 30, 2000, long past the ten day limit authorized by Miss. Code Ann. § 11-51-75.

¶8. The ten-day statutory limit in which to appeal a decision rendered by a county board of supervisors is both mandatory and jurisdictional. *Newell v. Jones County*, 731 So.2d 580, 582 (Miss. 1999). Thence, when an appeal of a decision rendered by municipal authorities is not perfected within the statutory time constraint of ten days, no jurisdiction is conferred upon the appellate court, i.e., the circuit court. *Id*. *See also Moore v. Sanders*, 569 So.2d 1148, 1150 (Miss. 1990). McPhail was well beyond the ten-day limit to perfect his appeal.

¶9. The circuit court excused McPhail's failure to timely appeal the decision of the Board finding that McPhail was not attempting to challenge the Board's vote. Rather, the circuit court determined that McPhail was challenging the Board's authority to remove a sitting judge. We find that the circuit court erred in not dismissing McPhail's claim as untimely in accordance with Miss. Code Ann. § 11-51-75. McPhail's complaint clearly seeks to have the circuit court "declare the [Board's] vote [to dismiss McPhail as judge] null and void" and "declare the Mayor's veto [of the vote to reinstate McPhail] null and void."

¶10. We find that Miss. Code Ann § 11-51-75 did operate as a jurisdictional bar as McPhail did not appeal the Board's decision within a timely manner to the circuit court. The circuit court should have

4

dismissed McPhail's suit. Therefore, as this issue is dispositive of McPhail's claim, the issues raised in McPhail's two assignments of error on the merits of the case are rendered moot.

<u>CONCLUSION</u>

¶11.    While McPhail's dismissal as municipal judge should stand, we find that the trial court erred in its reasoning. We determine that the trial court erred for failure to dismiss McPhail's claim as being untimely filed in accordance with Miss. Code Ann. § 11-51-75. Miss. Code Ann. § 11-51-75 clearly operated in this case as a jurisdictional bar to McPhail's claim. McPhail's claim should have been dismissed by the trial court as not being properly before the court. Accordingly, the circuit court's judgment is modified to dismiss McPhail's suit for lack of jurisdiction under Miss. Code Ann. § 11-51-75 and affirmed as so modified.

¶12.    **AFFIRMED AS MODIFIED.**

**PITTMAN, C.J., McRAE AND SMITH, P.JJ., WALLER, DIAZ, CARLSON AND GRAVES, JJ., CONCUR. COBB, J., CONCURS IN RESULT ONLY.**