LEE, C.J.,
for the Court:
¶ 1. The mayor and Board of Aldermen (Board) of the Town of Tchula, Mississippi, determined that a warehouse owned by Eddie James Carthan was a public nuisance and voted to demolish the warehouse. Carthan filed suit in the Holmes County Circuit Court against the mayor and the Town, claiming the destruction of his property was an unconstitutional taking. Finding it had no jurisdiction, the trial court dismissed Carthan’s suit.
FACTS
¶ 2. On April 21, 2006, Carthan received notice from the mayor that a hearing was to be held concerning the condition of his warehouse, which was located at 907 Main Street. During a meeting on June, 8, 2006, the Board found Carthan’s warehouse to be a public nuisance and voted to move forward with the demolition. On June 16, 2006, Carthan delivered a letter to the mayor and the Board in which Car-than stated his intent to appeal. The letter was stamped as received that same day. At a meeting on July 13, 2006, Car-than attempted to discuss the demolition of his warehouse, but the Board’s attorney stated the issue was not on the agenda. *376 Five days later, municipal employees demolished Carthan’s warehouse.
¶ 3. On May '6, 2008, Carthan filed suit against the Town alleging an unconstitutional taking of his property without just compensation and a deprivation of property without due process of law. The Town filed a motion for summary judgment. The trial court granted the Town’s motion, finding it did not have jurisdiction over the matter since Carthan failed to perfect his appeal from the Board’s decision of June 8, 2006. The trial court determined that Carthan’s letter dated June 16, 2006, was not sufficient to perfect an appeal since Carthan failed to file a bill of exceptions, as required by Mississippi Code Annotated section 11-51-75 (Rev.2012). Carthan now appeals the trial court’s ruling.
DISCUSSION
¶ 4. Carthan contends he perfected his appeal of the Board’s decision on June 8, 2006, by delivering his notice of appeal and “letter of exceptions” within ten days, as required by section 11-51-75.
¶ 5. Section 11-51-75 states the requirements for appeals to circuit court from municipal authorities as follows:
Any person aggrieved by a judgment or decision of the board of supervisors, or municipal authorities of a city, town, or village, may appeal within ten (10) days from the date of adjournment at which session the board of supervisors or municipal authorities rendered such judgment or decision, and may embody the facts, judgment^] and decision in a bill of exceptions which shall be signed by the person acting as president of the board of supervisors or of the municipal authorities. The clerk thereof shall transmit the bill of exceptions to the circuit court at once, and the court shall either in term time or in vacation hear and determine the same on the case as presented by the bill of exceptions as an appellate court, and shall affirm or reverse the judgment.
¶ 6. “The act of a municipality which leaves a party aggrieved is appeal-able to the circuit court where all of the issues of the controversy are finally disposed of by order of the municipal authorities.” McPhail v. City of Lumberton, 832 So.2d 489, 491 (¶ 7) (Miss.2002) (citation omitted). The ten-day requirement “is both mandatory and jurisdictional.” Id. at 492 (¶ 8) (citation omitted). Thus, “when an appeal ... is not perfected within the statutory time constraint of ten days, no jurisdiction is conferred upon the appellate court, i.e., the circuit court.” Id.
¶ 7. Carthan did file a letter within ten days of the Board’s decision. The letter was addressed to the mayor and the Board and stated as follows:
In accordance [with] the ordinances and codes of the [Town] of Tchula and the State of Mississippi and the 14th Amendment of the U.S. Constitution, I hereby appeal the recent decision of the [m]ayor and [the Board] at their June 8, 2006[ ] hearing and meeting concerning my property (warehouse) located ... at ... 907 Main Street, Tchula, MS.
Given the many discrepancies, errors, inaccuracies[,] and unlawful procedures in handling this matter, I strongly request that another meeting be held in which professionals] and experts may address the above matter or an appropriate court ... may intervene.
¶ 8. The trial court stated that:
One may be strained to find the letter ... may serve as [a] notice of appeal, but the letter is not sufficient to serve as a bill of exceptions, which is a significant part of the appeal process: [Carthan] has failed to list any discrepancy, error, inaccuracy, or unlawful procedure that *377 was made or used by the [T]own of Tchula.
¶ 9. Although Carthan contends his letter serves as a proper bill of exceptions, we disagree. The purpose of the bill of exceptions is to serve as the record on appeal; thus, the trial court “may only consider the case as made by the bill of exceptions.” Wilkinson Cnty. Bd. of Supervisors v. Quality Farms Inc., 767 So.2d 1007, 1011 (¶ 11) (Miss.2000). “If the bill of exceptions is not complete and is fatally defective in that pertinent and important facts and documents are omitted therefrom, then the court does not have a record upon which it can intelligently act.” Stewart v. City of Pascagoula, 206 So.2d 325, 328 (Miss.1968). “A proper bill of exceptions on appeal is necessary to confer jurisdiction on the appellate court.” Id. See also McKee v. City of Starkville, 97 So.3d 97, 100 (¶ 9) (Miss.Ct.App.2012); Pruitt v. Zoning Bd. of City of Laurel, 5 So.3d 464, 469 (¶ 16) (Miss.Ct.App.2008).
¶ 10. We reiterate that this case does not involve the direct appeal of the Board’s decision, but rather an independent action against the Town alleging an unconstitutional taking. In McPhail, McPhail failed to properly appeal the decision of a local board pursuant to section 11-51-75. McPhail, 832 So.2d at 492 (¶ 9). Like Carthan, McPhail filed a separate lawsuit against the municipality well after the local board’s decision. Id. at 491 (¶ 7). The Mississippi Supreme Court found that section 11-51-75 operated as a jurisdictional bar since McPhail failed to properly appeal the board’s decision to the circuit court; thus, the separate claim was not properly before the circuit court. McPhail, 832 So.2d at 492 (¶ 11).
¶ 11. Carthan failed to comply with section 11-51-75 by not embodying the facts and proceedings below in a proper bill of exceptions. In failing to do so, Carthan failed to perfect his appeal. Thus, section 11-51-75 operated as a jurisdictional bar to Carthan’s separate claim. We find the trial court correctly determined it was without jurisdiction.
¶ 12. THE JUDGMENT OF THE HOLMES COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
GRIFFIS, P.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND FAIR, JJ., CONCUR. JAMES, J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED BY IRVING, P.J.