JAMES, J.,
dissenting:
¶ 13. I find that summary judgment was entered in error; therefore, I respectfully dissent. The standard of review of a trial court’s grant or denial of a motion for summary judgment is de novo. Parmenter v. J & B Enters. Inc., 99 So.3d 207, 213 (¶ 7) (Miss.Ct.App.2012). Under Rule 56(c) of the Mississippi Rules of Civil Procedure, summary judgment is proper “if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” In determining whether summary judgment was properly granted by a trial court, we view “the facts in the light most favorable to the nonmovant.” Parmenter, 99 So.3d at 213 (¶ 7). “The burden of demonstrating that there are no genuine issues of material fact is upon the movant, and the non-moving party must be given the benefit of every reasonable doubt.” Id.
¶ 14. The mayor and Board determined that a warehouse owned by Dr. Carthan, a former mayor, was a public nuisance and *378 ordered the demolition and removal of the warehouse. On May 6, 2008, Carthan filed a lawsuit in the Circuit Court of Holmes County against the mayor and town alleging an unconstitutional taking of property without just compensation in violation of Article 3, Section 17 of the Mississippi Constitution, and a depravation of property without due process of law.
¶ 15. The majority states that Carthan failed to perfect his appeal; therefore, the circuit court lacked jurisdiction. Carthan filed his notice of appeal on June 16, 2006, pursuant to Mississippi Code Annotated section 11-51-75 (Rev.2012). Unlike the appellant in McPhail v. City of Lumberton, 832 So.2d 489, 491 (¶ 7) (Miss.2002), Carthan’s notice of appeal was filed within ten days. Therefore, McPhail does not operate as a jurisdictional bar based upon the facts here. The circuit court found that Carthan’s letter, although sufficient to serve as a notice of appeal, did not constitute a proper bill of exceptions. Section 11-51-75 has been interpreted “to require the filing of an appeal within ten days, but [allows] the bill of exceptions to be filed or amended within a reasonable time thereafter.” Tilghman v. City of Louisville, 874 So.2d 1025, 1026 (¶ 7) (Miss.Ct.App.2004). Furthermore, “a circuit court, sitting as an appellate court, enjoys the same authority as the Mississippi Supreme Court or Court of Appeals to remand a case to an inferior body for record supplementation or a factual determination while at the same time retaining jurisdiction over both the parties [and] the subject matter.” Howell v. Bd. of Sup’rs of Jefferson Davis Cnty., 70 So.3d 1148, 1154 (¶ 18) (Miss.Ct.App.2011). Therefore, although Carthan’s letter merely articulated his statement of exceptions, he should have been permitted to amend his statement to conform to a proper bill of exceptions. The majority cites Wilkinson County Board of Supervisors v. Quality Farms, Inc., 767 So.2d 1007 (Miss.2000), for the proposition that the circuit court may only consider the case as made in the bill of exceptions. There, however, the supreme court, after finding that the bill of exceptions was fatally defective, reversed and remanded to “allow the parties to file a proper amended bill of exceptions.” Id. at 1012 (¶ 15); see also Fields v. City of Clarksdale, 27 So.3d 464, 468 (¶ 10) (Miss.Ct.App.2010).[1]
¶ 16. This Court has held that filing a notice of appeal is sufficient to vest jurisdiction. Bowen v. DeSoto Cnty. Bd. of Sup’rs, 852 So.2d 21, 24 (¶ 9) (Miss.2003). The Board did not respond to Carthan’s notice of appeal, nor did it transmit the notice to the circuit court. Carthan then appeared before the Board on July 13, 2006, but the Board refused to consider the matter because it was not on the agenda. The Board then proceeded to demolish Carthan’s warehouse, disregarding his appeal.
¶ 17. Furthermore, although Carthan’s letter was insufficient to constitute a proper bill of exceptions, the appeal became moot upon the demolition of his warehouse. Thus, Carthan’s only avenue of redress was filing suit based on a denial of due process. To now hold that no jurisdiction exists would penalize Carthan for the Board’s failure to respond to his appeal and reward the Board for proceeding to demolish Carthan’s property and foreclosing the pending appeal. In sum, Carthan would be left with no avenue of redress. Although, the majority properly notes that the procedural requirements of section 11-51-75 are both mandatory and jurisdiction *379 al, “the statutory indications are that the legislative branch does not wish that matters of form will terminate a court’s ability to consider the rights of parties.” Bowen, 852 So.2d at 24 (¶ 7) (citing Bowling v. Madison Cnty. Bd. of Sup’rs, 724 So.2d 431, 442 (¶ 50) (Miss.Ct.App.1998)). I find that there is substantial indication in the record that Carthan’s rights may have been violated by the Board when it failed to act on his appeal and proceeded to demolish his warehouse. Thus, I find genuine issues of material fact present indicating that summary judgment was entered in error. Accordingly, I would reverse and remand for further proceedings below.
IRVING, P.J., JOINS THIS OPINION.

. The Mississippi Rules of Appellate Procedure were adopted effective January 1, 1995; and, the Uniform Rules of Circuit and County Court were adopted effective May 1, 1995, which greatly affected appeals to circuit court.