295 So.2d 286 (1974)
Sidney L. WILLIAMS, Sheriff, et al.
v.
Allen D. WALLEY.
No. 47535.
Supreme Court of Mississippi.
May 27, 1974.
*287 Horton Hillman, Leakesville, for appellants.
Oscar B. Ladner, Gulfport, for appellee.
GILLESPIE, Chief Justice:
Suit was filed in the Chancery Court of Greene County by Allen D. Walley against Sidney L. Williams, Sheriff of Greene County, and members of the Board of Supervisors of Greene County seeking the following relief: (1) An injunction prohibiting the removal by the board of supervisors of soil from property leased by the board to Walley; (2) an order nullifying an attempted cancellation by the board of the 16th section lease wherein Walley is the lessee; and (3) damages for the removal of a fence and top soil from the leased property. A decree was entered nullifying the attempted cancellation of the lease and awarding Walley damages. The sheriff and members of the board of supervisors appeal. We affirm.
Walley leased from the board of supervisors certain lands in Greene County for a period of ten years, commencing on the first day of October, 1969. In February, 1972, a contractor building a road for and at the direction of the board of supervisors and with the assistance of the sheriff removed a fence and top soil from a portion of the land leased to Walley and *288 used the soil in building a public road. The board of supervisors at the same time entered an order on the minutes of the board purporting to cancel Walley's lease to the tract of 16th section land. This was done without any notice to Walley.
The position of the members of the board of supervisors and the sheriff, together with the attorney for the board, in discussing this matter with Walley prior to removal of the top soil, was that the board had the absolute right to enter the leased premises, take down the fence, and remove the top soil. The proof showed that the use value of the land where the top soil was removed for the remainder of the period of the lease was $480 and the cost of repairing the fence taken down by the county was $150. In addition to these two items, the chancellor added $100 for inconvenience and incidental expenses and entered judgment for $730. The liability of the sheriff was limited to $100.
It is first contended that the chancery court had no jurisdiction to hear the dispute; that Walley's exclusive remedy is provided by section 11-51-75, Mississippi Code Annotated (1972), which allows any person aggrieved by the judgment or decision of the board of supervisors to appeal to the circuit court within ten days.
We hold that the chancery court had jurisdiction. The right of Walley to appeal from the order cancelling his lease was not the exclusive remedy under the circumstances. The remedy of appeal would not have afforded Walley adequate relief, especially since Walley had no notice of a hearing by the board of supervisors on the matter. The board has no authority to unilaterally cancel a lease.
The chancery court had jurisdiction of a suit to set aside the order purporting to cancel the lease. § 160 Miss.Const. (1890). Section 17, Mississippi Constitution of 1890, provides that private property shall not be taken or damaged without first paying due compensation therefor. This section is self-executing, and the courts of the state are always open to provide a remedy for the expropriation of private property by the sovereign or any of its subdivisions. State Highway Commission v. Mason, 192 Miss. 576, 4 So.2d 345, 6 So.2d 468 (1941).
It is next contended that the board of supervisors is protected from suit by the doctrine of governmental immunity. The case of Owens v. Jackson Municipal Separate School District, 264 So.2d 892 (Miss. 1972), relied upon by the board, does not apply to the present case. This is not a mere tort action but one to provide a remedy for a constitutionally guaranteed right. As already stated, when private property is taken without payment therefor, the courts are open to provide a remedy against the sovereign or any of its subdivisions. Otherwise section 17 of the Mississippi Constitution of 1890 would be meaningless. Section 17 guarantees the right, and section 24 of the Constitution assures that the courts are open to provide the remedy.
All of the defendants contend that they were entitled as a matter of law to a decree dismissing the bill of complaint. We find this assignment without merit. The record shows that the board of supervisors, the attorney for the board, and to some extent, the sheriff of the county, totally disregarded the rights of Walley as lessee of 16th section land and invaded the leased premises without any right whatsoever.
The sheriff contends that he was only doing his duty as sheriff. He had no writ and had no more authority to participate in the trespass on the Walley premises than anyone else. We find no reason to hold that the sheriff was not liable.
The amount of the damages is an assignment of error, but we find the evidence ample to support the modest amount awarded Walley.
Affirmed.
PATTERSON, SMITH, ROBERTSON and SUGG, JJ., concur.