KING, C.J.,
for the Court:
¶ 1. The Forrest County Circuit Court granted summary judgment in favor of the City of Petal, Mississippi (City) and dismissed Wayne Scarborough’s action with prejudice. Wayne Scarborough appeals, arguing the following assignments of error: (1) the circuit court erred in finding that the City did not have to give actual notice of its intent to demolish a dilapidated property, and (2) the circuit court erred in finding that Wayne Scarborough’s suit was time-barred under Mississippi Code Annotated section 11-51-75 (Rev.2002). Because the circuit court erred in finding that Wayne Scarborough received actual notice from the City of its intent to demolish the dilapidated building, we reverse the judgment of the circuit court and remand this case for further proceedings consistent with this opinion.
FACTS
¶ 2. Wayne Scarborough, co-owner of a parcel of real property located at 415 West Central Avenue, Petal, Forrest County, Mississippi, filed a complaint on September 4, 2007, against the City for failure to give him notice before demolishing the building belonging to Wayne Scarborough and his father, Percy Scarborough.
¶ 3. On February 21, 2000, Wesley Hughes, Assistant City Inspector for the City, by certified letter directed to Percy Scarborough informed him that the building located at 415 West Central Avenue, Petal presented a public health and safety hazard to the community, and it should be removed. That letter indicated that Percy Scarborough had thirty days from receipt of the letter to remove the violation. The certified receipt indicated that Percy Scarborough signed for the letter on February 25, 2000. On March 14, 2000, Hughes signed an affidavit before the municipal court clerk stating that Percy Scarborough had purposely and willfully failed to comply with city zoning ordinances by allowing trash and junk to accumulate, causing unsanitary conditions at the aforementioned location. The record fails to indicate any immediate action taken by the Scarbor-oughs or the City following the February 25, 2000, letter.
¶ 4. On November 26, 2004, the building was damaged by arson. At the time of the fire, the building was not insured, and the owners did not repair the building after the fire.
¶ 5. On July 18, 2005, John Thomsen, Code Enforcement Officer for the City, filed a statement indicating that he had spoken with Percy Scarborough and Wayne Scarborough on two separate occasions within the month of May 2005. Thomsen stated that on May 16, 2005, “he spoke with Wayne [Scarborough] and advised him of the violation of Petal City Ordinance 1979 (42-A2).” Thomsen stated that Wayne Scarborough said he “would talk to his father about it and get back *195 with [him].” Thomsen also stated that on May 24, 2005, “he spoke with Percy [Scarborough] about the violation as well as hand-delivered a letter to him, advising him of the violation.” The letter advised Percy Scarborough that he had ten days from receipt of the letter to remedy the violation.
¶ 6. In a letter to the City dated July 19, 2005, Percy Scarborough stated his intent to begin demolishing the dilapidated building. Percy Scarborough stated that the project would begin soon and would be completed within 120 days from the date of the letter.
¶7. On January 18, 2006, a letter addressed to Percy Scarborough from Thom-sen dated January 17, 2006, was hand-delivered to Percy Scarborough. The letter directed Percy Scarborough to remove the building or have it brought up to code. The letter also stated that if Percy Scarborough elected not to remedy the violation, the City would exercise its rights under Mississippi Code Annotated section 21-19-11 (Rev.2007), the “cleaning of private property” statute, to remedy the violation and assess the cost of cleanup to Percy Scarborough.
¶ 8. On March 7, 2006, a letter from Hughes was sent to city council members notifying them to consider the aforementioned property for final abatement. On March 23, 2006, Carl L. Scott, Mayor of the City, informed Percy Scarborough by letter of his right to appear before the Mayor and Board of Alderman on April 18, 2006, to contest the City’s intent to demolish the property as a public health and safety hazard to the community. The City adopted a resolution declaring the property as a menace to the public health and safety of the community. The building was demolished by the City on June 7, 2006.-
¶ 9. Wayne Scarborough filed a complaint against the City on August 3, 2007, for the demolition of the building without properly notifying him of the adjudication hearing and the City’s intent to demolish the building. The City filed a motion for summary judgment arguing that from the years 2000 through 2006, both Percy Scarborough and Wayne Scarborough, co-owners of the real property, were individually provided notice of the numerous violations of city ordinances regarding the property’s state of disrepair, and they were both given adequate notice of the April 18, 2006, hearing by serving notice upon Percy Scarborough.
¶ 10. Wayne Scarborough filed an affidavit stating that he never received any correspondence or notices regarding the subject property from the City and that he had never given Percy Scarborough any authority to accept service of process on his behalf. The circuit court granted summary judgment and dismissed the action with prejudice. Wayne Scarborough timely filed his notice of appeal.
ANALYSIS
I. Whether the circuit court erred by finding that the City did not have to give actual notice to Wayne.
¶ 11. Wayne Scarborough contends that the City violated his due-process rights because the City never provided him notice of the hearing that resulted in the demolition of the building. Wayne Scarborough argues that none of the notices mailed to Percy Scarborough bore his name or address, nor were any of the mailings ever delivered to him by mail or personal service. Additionally, Wayne Scarborough asserts that he never gave Percy Scarborough authority to accept service of process on his behalf as co-owner of the subject property.
*196 ¶ 12. The City argues that Wayne Scarborough received actual notice of the April 18, 2006, hearing on March 26, 2006, from Percy Scarborough and also from the City’s resolution prior to the demolition. The City claims that Wayne Scarborough had random conversations with city officials over the course of several years regarding the subject property.
¶ 13. Our supreme court held in Bond v. City of Moss Point, 240 So.2d 270, 273 (Miss.1970) that “where the property owner, after reasonable notice provided for in an ordinance, fails and refuses to either repair or remove an unsafe and unfit building that constitutes a public nuisance, that the municipality can remove it at the owner’s expense.” The City argues that it gave reasonable notice regarding the ordinance violation, but the owners failed to repair or remove the unsafe building; therefore, by and through its employees, the building was demolished. The City acted pursuant to Mississippi Code Annotated section 21-19-11(1) (Rev.2007), which provides:
The governing authority of any municipality is authorized, on its own motion, or upon the receipt of a petition requesting the municipal authority to so act signed by a majority of the residents residing within four hundred (400) feet of any property or parcel of land alleged to be in need of cleaning, to give notice to the property owner by United States mail, as provided in this section, two (2) weeks before the date of a hearing, or by service of notice as provided in this section by a police officer at least two (2) weeks before the date of a hearing, or if the property owner or his address is unknown, then by two (2) weeks’ notice in a newspaper having a general circulation in the municipality, of a hearing to determine whether the property or land is in such a state of uncleanliness as to be a menace to the public health, safety and welfare of the community. If, at such hearing, the governing authority shall adjudicate the property or land in its then condition to be a menace to the public health, safety and welfare of the community, the governing authority, if the owner does not do so himself, shall proceed to clean the land, by the use of municipal employees or by contract, by cutting grass and weeds; filling cisterns; removing rubbish, dilapidated fences, outside toilets, dilapidated buildings, personal property, which removal of personal property shall not be subject to the provisions of Section 21-39-21, and other debris; and draining cesspools and standing water therefrom. The governing authority may by resolution adjudicate the actual cost of cleaning the property and may also impose a penalty of One Thousand Five Hundred Dollars ($1,500.00) or fifty percent (50%) of the actual cost, whichever is more. The cost and any penalty may become a civil debt against the property owner, or, at the option of the governing authority, an assessment against the property. The “cost assessed against the property” means either the cost to the municipality of using its own employees to do the work or the cost to the municipality of any contract executed by the municipality to have the work done, and administrative costs and legal costs of the municipality. The action authorized in this subsection (1) shall not be undertaken against any one (1) parcel of land more than six (6) times in any twelve-month period with respect to removing dilapidated buildings, dilapidated fences and outside toilets and no more than twelve (12) times in any twenty-four-month period with respect to cutting grass and weeds and removing rubbish, personal property and other debris on the land, and the expense of *197 cleaning of said property shall not exceed an aggregate amount of Twenty Thousand Dollars ($20,000.00) per year, or the fair market value of the property subsequent to cleaning, whichever is less. The governing authority may assess the same penalty for each time the property or land is cleaned as otherwise provided in this section. The penalty provided herein shall not be assessed against the State of Mississippi upon request for reimbursement under Section 29-1-145, nor shall a municipality clean a parcel owned by the State of Mississippi without first giving notice.
To fulfill the requirements of due process, notice must be given to all owners of the subject property. See In re of Enlargement and Extension of the Mun. Boundaries of the City of Horn Lake v. City of Horn Lake, 822 So.2d 253, 257 (¶ 17) (Miss.2002).
¶ 14. When considering the question of whether Wayne Scarborough received proper notice, we looked to this Court’s holding in Bray v. City of Meridian, 723 So.2d 1200 (Miss.Ct.App.1998). In Bray, the complaint from the City of Meridian, Mississippi, regarding the dilapidated condition of the building located on the subject property and notice of eleven violations as cited by the building inspector, was served by certified mail addressed to the property owners, Samuel Bray and his wife, Dorothy Bray. While the letter was addressed to both of the Brays, it was received and signed for by Dorothy. We held that as the spouse of Samuel and co-owner of the property, Dorothy, by custom and practice, was vested with apparent authority to accept service of process on behalf of Samuel. Bray, 723 So.2d at 1203 (¶ 20) (citing Williams v. Kilgore, 618 So.2d 51, 56 (Miss.1992)).
¶ 15. However, Bray is distinguishable from this case. In Bray, the notice was addressed to both co-owners, Samuel and Dorothy. Dorothy was served and, thus, accepted service of process on behalf of Samuel. In this case, all the notices regarding the condition of the property and the hearing were addressed, mailed, and delivered solely to Percy Scarborough. Wayne Scarborough filed an affidavit stating that he never received any correspondence or notice regarding the subject property either by mail or personal process nor had he ever given Percy Scarborough the authority to accept service of process on his behalf. In his affidavit, Wayne Scarborough noted that Percy Scarborough resided at 220 Arkwood Lane, Petal, Mississippi, during the years of 2005 and 2006, while he resided at 320 Garden Lane, Petal, Mississippi, during the same time. The February 21, 2000, notice was addressed to Post Office Box 60, Petal, Mississippi and Percy Scarborough signed for the letter on February 25, 2000. The May 24, 2005, notice was addressed to Percy Scarborough and hand-delivered, but there was no indication as to what address the notice was delivered. The January 17, 2006, notice indicated that it was hand-delivered to Percy Scarborough, but again, there was no indication as to what address. The March 23, 2006, letter from the mayor was addressed to Percy Scarborough at Post Office Box 60, 220 Arkwood Lane, Petal, Mississippi.
¶ 16. In a statement dated July 18, 2005, Thomsen stated that on May 16, 2005, he had spoken with Wayne Scarborough about the condition of the property. Also included in the record was a handwritten statement dated May 15, 2005, from an unidentified person. The handwritten statement stated that this unidentified individual had spoken to Wayne Scarborough regarding the matter. There was no evidence that Wayne Scarborough had ever received the required statutory *198 notice from the City of the alleged violations, hearing, or demolition. Additionally, there was no indication in the record that suggested that Percy Scarborough possessed the authority to accept service of process for Wayne Scarborough.
¶ 17. The City argues that Wayne Scarborough received constructive notice based upon the conversations with Percy Scarborough and random conversations with various city officials. However, Mississippi Code Annotated section 21-19-11(1) clearly requires that notice be given to the property owner by United States mail or by service of notice by a police officer at least two weeks prior to the date of the hearing, and if the property owner’s address is unknown, then two weeks’ notice must be provided by publication in a newspaper having general circulation in the perspective municipality.
¶ 18. Despite the allegations by the City that Wayne Scarborough possessed knowledge of the violations, there is no evidence that Wayne Scarborough received the required statutory notice of the City’s intent to demolition the property.[1]
¶ 19. Accordingly, we reverse the circuit court’s judgment granting summary judgment in favor of the City and remand this case to the circuit court for further proceedings consistent with this opinion.
II. Whether the circuit court erred in its ruling that Wayne’s suit was time-barred under Mississippi Code Annotated section 11-51-75.
¶ 20. Because we find that Wayne Scarborough was not given adequate notice of the hearing and the City’s intentions to demolish the subject property, in which he was co-owner, this issue is moot.
¶ 21. THE JUDGMENT OF THE CIRCUIT COURT OF FORREST COUNTY IS REVERSED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE AP-PELLEE.
LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.

. Two notices dated February 21, 2000 and January 17, 2006, addressed to Percy Scarborough stated at the end of the letter that "in the event you do not own the property in question, or if there are joint owners, please advise our office as soon as possible." There was no indication in the record that Percy Scarborough notified the sender of the notice that Wayne Scarborough was a co-owner.