# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2015-CA-00890-SCT

*CITY OF JACKSON, MISSISSIPPI*

*v.*

*WILLIE B. JORDAN*

| | |
|---|---|
| DATE OF JUDGMENT: | 03/05/2015 |
| TRIAL JUDGE: | HON. WILLIAM A. GOWAN, JR. |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | JAMES RICHARD DAVIS, JR. |
| | MONICA DAVIS JOINER |
| ATTORNEY FOR APPELLEE: | B. BLAKE TELLER |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | AFFIRMED - 08/18/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE RANDOLPH, P.J., COLEMAN AND MAXWELL, JJ.**

**RANDOLPH, PRESIDING JUSTICE, FOR THE COURT:**

¶1. When the City of Jackson was unable to effect notice on Willie B. Jordan by certified mail that his property was subject to condemnation and demolition, the city sought to effect notice by publication. The hearing date was set twelve days after the first publication date, although the applicable statute required two weeks' notice.[1] Jordan did not appear at the

---

[1]At the time, the statute provided:

> The governing authority of any municipality is authorized, on its own motion, . . . to give notice to the property owner by United States mail two (2) weeks before the date of a hearing, . . . or if the property owner or his address is unknown, then by two (2) weeks' notice in a newspaper having a general circulation in the municipality, of a hearing to determine whether or not the

condemnation hearing. The property was declared condemned, and the house on the property was ordered demolished. After the house was demolished, Jordan filed a notice of tort claim with the city. When he filed his complaint, he alternatively asserted a constitutional claim for deprivation of property without due process. After a bench trial, the trial court awarded Jordan $12,513.53. The city appealed.

### FACTS AND PROCEDURAL HISTORY

¶2.     Other than Jordan's ownership of the property (*see infra* Issue I), the facts are not in dispute. On September 15, 2006, the city sent a notice by certified mail to Jordan to inform him that his property was subject to condemnation and demolition as a menace to the public health. The letter provided a hearing date of October 3, 2006. The letter was sent to Jordan's address in Houston, Texas. However, it was returned. Neither the "refused" nor the "unclaimed" box was checked. A notice of hearing was then posted on the house and published in *The Clarion-Ledger* on October 26 and November 2, rescheduling the hearing date to November 7, 2006. On November 7, the Jackson City Council ordered the house demolished. The house was demolished on June 11, 2007.

¶3.     Jordan sent the city a notice of claim pursuant to the Mississippi Tort Claims Act on May 20, 2008. He filed suit on November 6, 2008. In addition to various tort claims, Jordan

property or land is in such a state of uncleanliness as to be a menace to the public health and safety of the community. If, at such hearing, the governing authority shall, adjudicate the property or land in its then condition to be a menace to the public health and safety of the community, the governing authority shall, if the owner does not do so himself, proceed to clean the land by . . . removing . . . dilapidated buildings and other debris . . . .

Miss. Code Ann. § 21-19-11 (2005).

averred the city had violated his constitutional rights by depriving him of his property without due process of law. The city filed a motion for summary judgment, claiming both discretionary-function immunity and immunity for legislative or judicial action or inaction, or administrative action or inaction of a legislative or judicial nature. The city also filed a motion to dismiss pursuant to Mississippi Rule of Civil Procedure 12(b)(6), raising Jordan's failure to appeal the council's decision pursuant to Section 11-51-75. The trial court granted the city summary judgment based on discretionary-function-immunity grounds. Jordan filed a motion to reconsider, which was granted. This Court then denied an interlocutory review of that order. Subsequently, the city learned during Jordan's deposition that he had acquired the property from his nephew while the nephew was a minor. The city filed a second motion for summary judgment, claiming Jordan lacked standing, as his interest in the property was premised on a "void" deed. Jordan countered that the conveyance was voidable, not void, and submitted an affidavit from the nephew, now an adult, ratifying and confirming the conveyance. The trial court denied the city's motion, finding the conveyance voidable, not void. This Court again denied interlocutory review.

¶4.     A bench trial was held. Jordan submitted receipts for materials used in repairing the house, including a new roof in 2001 and paint in 2007. Jordan also sought reimbursement for travel between Texas and Mississippi. The city submitted the tax appraisal values of the property, which ranged from $13,380 in 1999 (when Jordan acquired the property) to $6,000 in 2014.[2] Jordan testified he had been slowly repairing the house since 1999. The city

_____

[2]During the times relevant to the hearing and demolition, the property was appraised at $5,000 (2006-2007). Following demolition, the appraised value increased to $7,000

3

inspector testified the house had been boarded up for some time, had irreparable foundation issues, termites, rotted roof and floor joists, and rotted siding.

¶5.    The trial court entered a judgment for Jordan in the amount of $12,513.53. The city filed a motion to amend judgment and/or for reconsideration, again claiming immunity for legislative or judicial action or inaction, or administrative action or inaction of a legislative or judicial nature. The city also challenged the trial court's determination of damages. That motion was denied. The city appealed.

## ISSUES

I.    Whether the trial court erred in failing to dismiss because Jordan lacked standing.

II.    Whether the trial court erred in failing to dismiss because Jordan failed to timely appeal pursuant to Section 11-51-75.

III.    Whether the trial court erred in denying the city's motion for summary judgment based on the city's claim of immunity arising out of legislative or judicial action or inaction, or administrative action or inaction of a legislative or judicial nature.

IV.    Whether the trial court erred in its calculation and assessment of damages.

## STANDARD OF REVIEW

¶6.    Motions for summary judgment and motions to dismiss receive *de novo* review. *Borries v. Grand Casino of Miss., Inc. Biloxi*, 187 So. 3d 1042, ¶8 (Miss. 2016); *Meeks v. Hologic, Inc.*, 179 So. 3d 1127, 1131 (Miss. 2015). This Court reviews a ruling on a motion

(2008), before dropping and remaining constant at $6,000 (2009-2014).

to alter or amend a judgment for an abuse of discretion. ***Fulton v. Miss. Farm Bureau Cas.***

***Ins. Co.***, 105 So. 3d 284, 286-87 (Miss. 2012).

## ANALYSIS

**I.     Whether the trial court erred in failing to dismiss because Jordan lacked standing.**

¶7.     "When an infant conveys land, the title to which is in him, in the eye of the law there

is no conveyance—not void, it is true, but voidable . . . and he is permitted to recover upon

the idea that he never made any legal conveyance of the property." ***Conn v. Boutwell***, 58 So.

105, 107 (Miss. 1912). "[H]is avoidance may be evidenced by any act clearly demonstrating

a renunciation of the contract." ***Brantley v. Wolf***, 60 Miss. 420, 434 (1882). Upon majority,

actions of the then-minor grantor may amount to a "ratification of his previously voidable

contract." ***Id.*** at 433.

¶8.     A deed conveyed by a minor is *voidable* at his option, and he may by his actions

affirm the deed upon majority. Not only has the now-of-age grantor not sought to avoid the

previously executed deed, he has ratified it by affidavit. We find the trial court did not err in

finding Jordan had standing to file his claim.

**II.    Whether the trial court erred in failing to dismiss because Jordan failed to timely appeal pursuant to Section 11-51-75.**

¶9.     Pursuant to Section 11-51-75,

> Any person aggrieved by a judgment or decision of the . . . municipal
> authorities of a city . . . may appeal within ten (10) days from the date of
> adjournment at which session the . . . municipal authorities rendered such
> judgment or decision, and may embody the facts, judgment and decision in a
> bill of exceptions which shall be signed by the person acting as president . . .
> of the municipal authorities. The clerk thereof shall transmit the bill of

5

exceptions to the circuit court at once, and the court shall either in term time or in vacation hear and determine the same on the case as presented by the bill of exceptions as an appellate court, and shall affirm or reverse the judgment.

Miss. Code Ann. § 11-51-75 (Rev. 2012).

The ten-day statutory limit in which to appeal a decision rendered by [municipal authorities] is both mandatory and jurisdictional. Thence, when an appeal of a decision rendered by municipal authorities is not perfected within the statutory time constraint of ten days, no jurisdiction is conferred upon the appellate court, i.e., the circuit court.

*McPhail v. City of Lumberton*, 832 So. 2d 489, 492 (Miss. 2002).

¶10.     Although McPhail filed a separate lawsuit against the city, this Court determined he was in effect seeking to appeal a board-of-aldermen decision and that "McPhail's claim should have been dismissed by the trial court as not being properly before the court." *Id.* However, lack of notice was not at issue in *McPhail*. Similarly, in *Carthan v. Patterson*, Carthan filed a takings claim against the Town of Tchula when it demolished his warehouse following a hearing, rather than appealing the decision pursuant to Section 11-51-75. *Carthan v. Patterson*, 134 So. 3d 374, 375-76 (Miss. Ct. App. 2014). Relying on *McPhail*, the Court of Appeals held the filing of a separate claim did not cure the jurisdictional bar of Section 11-51-75. *Id.* at 377. Again, lack of notice was not at issue, for Carthan received notice of the hearing. *Id.* at 375.

¶11.     When notice to appear at a hearing is deficient, the remedy of appeal provided for in Section 11-51-75 is not exclusive. *See Cook v. Bd. of Supervisors of Lowndes Cty.*, 571 So. 2d 932 (Miss. 1990); *Williams v. Walley*, 295 So. 2d 286 (Miss. 1974). The Court of Appeals followed this principle in *Scarborough v. City of Petal*, 60 So. 3d 193 (Miss. Ct.

6

App. 2010). In *Williams*, the board of supervisors canceled Walley's lease to sixteenth-section land without notice. *Williams*, 295 So. 2d at 288. Walley filed suit in chancery court seeking an injunction. *Id.* at 287-88. This Court held the chancery court had jurisdiction because "[t]he remedy of appeal would not have afforded Walley adequate relief, especially since Walley had no notice of a hearing by the board of supervisors on the matter." *Id.* at 288.

¶12.     In *Cook*, the board of supervisors sought bids for its ambulance services. *Cook*, 571 So. 2d at 933-34. Without holding a hearing, the board accepted Golden Triangle's bid. *Id.* Cook's Ambulance Service filed a petition for a writ of prohibition in circuit court seven days later. *Id.* at 934.  This Court first found Section 11-51-75's ten-day limit *inapplicable* because that section "contemplates the circuit court sitting in an appellate capacity, which in turn contemplates the board having held a hearing on the matter in issue, [and n]othing here suggests the board held any such hearing."  *Id.* (internal citations omitted). The Court further held that, because Cook filed his petition seven days after the board's decision, his action was timely under Section 11-51-75, "and, *if it were necessary*, we could simply treat Cook's petition for writ of prohibition as an appeal." *Id.* (emphasis added).

¶13.     In *Scarborough*, the Court of Appeals held the failure to give adequate notice of a hearing renders Section 11-51-75's appeal remedy moot. *Scarborough*, 60 So. 3d at 198. Wayne Scarborough co-owned a parcel of property with his father, Percy. *Id.* at 194. The city notified Percy of a hearing regarding demolition but failed to notify Wayne. *Id.* at 197-98. The city demolished the property and Wayne sued the city for the demolition without notice.

7

*Id.* at 195. Finding Wayne had received inadequate notice, the Court of Appeals reversed the trial court's grant of summary judgment in favor of the city—finding the issue of Section 11-51-75's time bar moot. *Id.* at 198.

¶14. In the case *sub judice*, it is undisputed that the city held a hearing in violation of the statutory notice requirement. Jordan asserts he did not become aware of the house being demolished until after the time to appeal had expired. While Wayne Scarborough received no notice, the Court of Appeals decision turned on whether his notice was *adequate*. The city's notice failed to provide the statutorily required two-weeks' notice—the period of time the Legislature deemed adequate. Similar to the **Cook** holding, the appeal process of Section 11-51-75 contemplates the aggrieved party receiving proper notice of the hearing.

¶15. For these reasons, we find Section 11-51-75's time-bar inapplicable to Jordan. Therefore, the trial court did not err in failing to dismiss for lack of jurisdiction.

> **III.** **Whether the trial court erred in denying the city's motion for summary judgment based on the city's claim of immunity arising out of legislative or judicial action or inaction, or administrative action or inaction of a legislative or judicial nature.**[3]

¶16. Section 11-46-9 provides immunity for "[a] governmental entity and its employees acting within the course and scope of their employment or duties . . . [a]rising out of a legislative or judicial action or inaction, or administrative action or inaction of a legislative

---

[3]In the trial court, the city also claimed discretionary-function immunity. *See* Miss. Code Ann. § 11-46-9(1)(d) (Rev. 2012) (providing immunity for acts "[b]ased upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a governmental entity or employee thereof, whether or not the discretion be abused"). On appeal, the city expressly does not challenge the trial court's denial of discretionary-function immunity.

8

or judicial nature[.]" Miss. Code Ann. § 11-46-9(1)(a) (Rev. 2012). However, "sovereign immunity will not protect the political subdivision when there has been a violation by the subdivision of an individual's constitutional rights." *Tucker v. Hinds Cty.*, 558 So. 2d 869, 872 (Miss. 1990). "[T]o allow the sovereign immunity defense to block suits based on [the due process] provision[] of the Mississippi Constitution would render [that provision] meaningless." *Id.* (citing *Williams*, 295 So. 2d at 288).

¶17.    Jordan concedes the city is immune from a *tort* claim based on legislative or judicial action or inaction, or administrative action or inaction of a legislative or judicial nature. However, Jordan alleged that the city had violated his constitutional rights by depriving him of his property without due process of law. The city failed to give Jordan notice as required by statute. The city does not argue that Jordan received actual notice of the hearing prior to its taking place. *See Miss. Power Co., Inc. v. Miss. Pub. Serv. Comm'n*, 168 So. 3d 905, 913 (Miss. 2015) ("An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.") (quoting *Memphis Light, Gas & Water Division v. Craft*, 436 U.S. 1, 13, 98 S. Ct. 1554, 56 L. Ed. 2d 30 (1978)).

¶18.    The trial court did not err in denying the city's motion for summary judgment, for its immunity against tort claims does not encompass claims of constitutional violations.

      IV.    **Whether the trial court erred in its calculation and assessment of damages.**

¶19. "Under Mississippi law, plaintiffs bear the burden of going forward with sufficient evidence to prove their damages by a preponderance of the evidence." *Potts v. Miss. Dep't of Transp.*, 3 So. 3d 810, 813 (Miss. 2009) (citing *TXG Intrastate Pipeline Co. v. Grossnickle*, 716 So. 2d 991, 1016 (Miss.1997)).

¶20. At trial, Jordan presented damages as follows: (1) roof receipt—$1,880; (2) Home Depot receipts—$551.23; (3) Sears receipts—$447.48; (4) Lowe's receipts—$469.09; (5) paint invoice—$2,950 (reduced to $2,100); (6) Sutherlands receipt—$65.73; and (7) travel receipts—$5,924.53 (reduced to $1,000). The city submitted the tax appraisal values. At trial, the city failed to make contemporaneous objections to Jordan's aforementioned proof regarding damages—other than objections on the grounds of hearsay, authenticity, and relevancy. Regarding relevance, the city argued the lack of evidence showing that the materials described in the receipts actually were used in the house. The city failed to object that the receipts were an improper method for calculating damages. If a proper contemporaneous objection is not made, an error is waived. *See InTowne Lessee Assocs., LLC v. Howard*, 67 So. 3d 711, 719 (Miss. 2011). The city likewise fails to argue on appeal that the receipts were an improper method for calculating damages. This Court repeatedly has held that "the failure to cite authority in support of an argument eliminates our obligation to review the issue." *Glasper v. State*, 914 So. 2d 708, 726 (Miss. 2005).

¶21. We find the city waived the issue by failing to object properly at trial and by failing to argue the issue on appeal properly, with citations to relevant legal authority. The trial court

did not abuse its discretion in its determination of damages based on the evidence and arguments before it.

## CONCLUSION

¶22.    The judgment of the Circuit Court for the First Judicial District of Hinds County is affirmed. Jordan had standing because his deed from his then-minor nephew was voidable, and the nephew affirmed the deed upon majority. Jordan's failure to appeal under Section 11-51-75 did not deprive the circuit court of jurisdiction because Jordan was not provided adequate notice of the condemnation hearing. While the city may have been immune from a tort claim, sovereign immunity does not protect the city from claims based on constitutional violations. Finally, the city waived the issue of the proper method of determining damages by failing to preserve the issue at trial and on appeal.

¶23.    **AFFIRMED**.

**WALLER, C.J., DICKINSON, P.J., LAMAR, KITCHENS, KING, COLEMAN, MAXWELL AND BEAM, JJ., CONCUR.**