KING, JUSTICE, DISSENTING:
 

 ¶ 25. I do not believe the trial court erred in setting the interest rate in this case, particularly given the wide discretion and latitude given trial courts in determining interest. Certainly, rates of return are one of many factors a trial court may consider. Consequently, I dissent.
 

 1. Standard of Review
 

 ¶ 26. This Court reviews an award of interest for abuse of discretion.
 
 Union Carbide Corp. v. Nix, Jr.
 
 ,
 
 142 So.3d 374
 
 , 385 (Miss. 2014). The majority reviews this issue de novo because it claims that what evidence a trial court may consider in determining an interest rate is a legal issue going to the definition of legal interest. This argument misstates the issue at hand. The trial court did not seek to
 
 define
 
 "legal interest" as encompassing rates of return, nor did it engage in statutory interpretation. Rates of return were simply one of the pieces of evidence that the trial court considered in making its determination of setting the interest rate. Again, the trial court did not define "interest rate" under the statute; it considered various evidence in setting the interest rate in this case at a certain number. Thus, this is simply not a question of law. This suggestion completely strips a trial court of any discretion. It suggests that this Court must ascertain a finite list of factors or evidence that a trial court may consider in determining an interest rate. We have never so held, nor do the statutes regarding interest rate prescribe or proscribe any certain categories of evidence to be considered. The evidence a trial court may consider in determining an interest rate is within the trial court's discretion, and only an abuse of that discretion warrants reversal.
 

 2. Interest Rate versus Rate of Return
 

 ¶ 27. In eminent domain proceedings, "[a]ny judgment finally entered in payment for property to be taken shall provide legal interest on the award ... from the date of the filing of the complaint until payment is actually made; provided, however, that interest need not be paid on any funds deposited by the plaintiff and withdrawn by the defendants prior to judgment."
 
 Miss. Code Ann. § 11-27-19
 
 (Rev. 2004). The "legal interest" is an "interest at a per annum rate set by the judge hearing the complaint ...."
 
 Miss. Code Ann. § 75-17-7
 
 (Rev. 2016);
 
 City of Gulfport v. Dedeaux Util. Co., Inc.
 
 ,
 
 187 So.3d 139
 
 , 149 (Miss. 2016) (
 
 Dedeaux III
 
 ). Gulfport argues that the trial court improperly set a "rate of return" instead of an "interest rate," which it asserts violates the statute,
 violates this Court's limited mandate, and unfairly compensates Dedeaux for future income for which it was already compensated in the jury verdict. The trial court clearly noted that it was allowed to
 
 consider
 
 rates of return in deciding what interest rate to order. It did not conflate the two with its ruling, but considered rates of return in determining a fair and reasonable interest rate. Moreover, the court indicated that it considered the fact that the jury verdict compensated Dedeaux for lost future income. This issue is without merit.
 

 ¶ 28. Gulfport also argues that the only evidence properly before the trial court was the testimony of its expert, thus the trial court could not vary from the evidence before it. For the reasons discussed below, Gulfport's expert was not the only evidence properly before the trial court.
 
 [10]
 
 Furthermore, Dedeaux argued that an eight-percent rate or more was reasonable because it could have invested the money, and because eight percent had been used in the first two trials without objection from Gulfport. The trial court also indicated that it was considering rates of return in its determination of a fair and reasonable rate, not just the interest rate espoused by Kelly. Kelly also testified in response to a question from the court that a prudent investor would have a diversified portfolio, although he was basing his analysis of interest rates on very conservative investments such as bonds.
 

 ¶ 29. This Court has noted that when trial judges "without proof, protest or argument of counsel, or agreement of the parties" continue to award interest at the eight-percent rate previously mandated by statute, this Court is not inclined to address the issue when no objection occurs.
 
 Bluewater Logistics, LLC v. Williford
 
 ,
 
 55 So.3d 148
 
 , 164 (Miss. 2011). While this case is not a case in which no proof was offered, if eight percent interest rates based on no proof are not inherently objectionable, the trial court's determination, which simply varied from Gulfport's evidence, was not problematic. The trial court clearly considered multiple factors in coming to its decision.
 

 3. PERS Documentation
 

 ¶ 30. Gulfport argues that the court's reliance on PERS documentation violated due process, and that the PERS documentation was inadmissible. Dedeaux argues that Gulfport waived any objection to this evidence, that the evidence was admissible, and that the reliance on the PERS documentation did not violate due process. Gulfport counters that it should not be expected to interrupt a judge during his ruling in order to preserve its objection.
 

 ¶ 31. While Gulfport should not be required to
 
 interrupt
 
 a judge to preserve its objection, the record reveals that Gulfport had ample opportunity after the judge finished ruling to lodge its contemporaneous objection to the PERS documentation. Gulfport did not object, nor did it file a motion for reconsideration, and Gulfport therefore waived this argument.
 
 See
 

 City of Jackson v. Jordan
 
 ,
 
 202 So.3d 199
 
 , 206 (Miss. 2016)
 

 ("If a proper contemporaneous objection is not made, an error is waived."). The majority should not now address it.
 

 ¶ 32. The trial court did not abuse its discretion in awarding the interest rate. Further, Gulfport waived any objection to the use of PERS documentation to assist the court in determining an interest rate. I would affirm the trial court's judgment.
 

 KITCHENS, P.J., JOINS THIS OPINION.
 

 The majority strips the trial court of its discretion in determining an appropriate interest rate by requiring that the trial judge accept a legal conclusion (the appropriate interest rate) made by a financial expert or a document. But the trial court in its wide discretion may consider any number of
 
 factors
 
 in determining an interest rate, and it is not required to and should not be required to award an interest rate
 
 only
 
 if an expert opined it was appropriate or a document stated the final interest rate. The majority allows the trial court to set an interest rate only at an interest rate placed in evidence, rather than considering the interest rates placed in evidence along with a multitude of other factors that may influence the particular case at hand.