# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-CA-01649-COA

**SHARON G. LEE AND HERBERT LEE, JR.**                                    **APPELLANTS**

**v.**

**CITY OF BYRAM, MISSISSIPPI, MAYOR**                                    **APPELLEES**
**RICHARD WHITE AND BOARD OF**
**ALDERMEN OF THE CITY**

| | |
|---|---|
| DATE OF JUDGMENT: | 11/14/2016 |
| TRIAL JUDGE: | HON. HENRY L. LACKEY |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEYS FOR APPELLANTS: | JANE E. TUCKER EDWARD BLACKMON HERBERT LEE JR. |
| ATTORNEYS FOR APPELLEES: | JOHN PRESTON SCANLON JERRY L. MILLS |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | REVERSED AND REMANDED: 08/28/2018 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE GRIFFIS, P.J., FAIR AND TINDELL, JJ.**

**FAIR, J., FOR THE COURT:**

¶1.     Sharon and Herbert Lee filed a "Verified Complaint for Declaratory Relief, Injunctive Relief, Damages and Other Relief, Including Declaring Invalid Zoning Ordinance . . . ," contending, among other things, they had not received the required notice that the City of Byram intended to consider rezoning certain property located near their home. The Lees' complaint was filed about ten months after the zoning decision, and the circuit court ultimately dismissed the complaint after finding that it was not filed as an appeal from the

zoning decision within ten days, as required by statute. We hold that this was in error because under the recent Mississippi Supreme Court decision *City of Jackson v. Jordan*, 202 So. 3d 199, 204 (¶14) (Miss. 2016), when the required notice is not given, an appeal is not the exclusive remedy and the statutory time limit for appeals does not apply.

**FACTS**

¶2. The City of Byram incorporated in 2009 and adopted a comprehensive zoning plan in 2011. At issue here is the zoning of several parcels on Siwell Road, in the north part of town. 4101 Siwell Road is the site of a used-car dealership called "Hillcrest Motors." The site of Hillcrest Motors had been zoned commercial by the county, but it was zoned residential in Byram's new comprehensive plan. The parties agree this was a mistake, and the Lees say they have no objection to rezoning the Hillcrest Motors site. The Hillcrest Motors site was owned by Hillcrest Motors' proprietors, Brett and Joni Hutchins. A larger, eighty-seven-acre parcel to the south was owned by "Hillcrest Motors LLC" and zoned either residential or agricultural in the Byram comprehensive plan.

¶3. The Lees contend that the City has repeatedly confused the two parcels, since the Hutchinses own the site of Hillcrest Motors and Hillcrest Motors LLC owns the land to the south. In 2012 the City set out to correct the mistaken zoning of the site of the dealership, but the ordinance it passed identified the rezoned property only as "certain property located on Siwell Road owned by Hillcrest Motors." The Lees contend this language can only be interpreted as referring to the eighty-seven-acre parcel, not the site of Hillcrest Motors as the

2

City may have intended. Then, in 2013, the City rezoned a two-acre portion of the eighty-seven acres, located at 4149 Siwell Road, where the Hutchinses were building a dance studio. This property is across the street from the Lees' home.

¶4. The City then moved to "correct" these rezonings due to a number of errors in the first efforts; it re-rezoned the sites of the dealership and the dance studio in late 2013 and early 2014, respectively. The 2013 and 2014 rezonings of the dance-studio site are apparently being contested by the Lees in separate, ongoing proceedings.

¶5. In 2015, the circuit court dismissed the Lees' 2013 complaint—the one that is the subject of this appeal—because it was not filed as a timely appeal from the 2012 zoning decision. The City contends that this was correct, a point we reject because a timely appeal was precluded by the City's failure to publish proper notice. The City also contends that the 2013 and 2014 rezonings render the 2012 rezoning moot. Given the disconnect between the City's assertions as to what the 2012 ordinance did and what it actually says, we disagree on that point as well, and so we reverse and remand for further proceedings.

## DISCUSSION

### 1. Jurisdiction, Timeliness of Appeal, and Exclusive Remedy

¶6. The circuit court dismissed the Lees' suit on the basis that it was not filed as a timely appeal from the 2012 zoning decision. In doing so, the court relied on Mississippi Code Annotated section 11-51-75 (Rev. 2012),[1] which provided in relevant part that:

_____

[1] The statute has since been superseded by legislation effective July 1, 2018.

Any person aggrieved by a judgment or decision of the board of supervisors, or municipal authorities of a city, town, or village, may appeal within ten (10) days from the date of adjournment at which session the board of supervisors or municipal authorities rendered such judgment or decision, and may embody the facts, judgment and decision in a bill of exceptions which shall be signed by the person acting as president of the board of supervisors or of the municipal authorities.

¶7. Ordinarily, an appeal to circuit court under section 11-51-75 is an "exclusive remedy" for a party aggrieved by the decision of a municipal authority. *See, e.g.*, *Malone v. Leake Cty. Bd. of Sup'rs*, 841 So. 2d 141, 145 (¶9) (Miss. 2003). But in *Jordan*, 202 So. 3d at 204 (¶14) (Miss. 2016), the Mississippi Supreme Court made it clear that "the appeal process of Section 11-51-75 contemplates the aggrieved party receiving proper notice of the hearing." The supreme court noted its prior decision in *Williams v. Walley*, 295 So. 2d 286, 288 (Miss. 1974), where it had held that, when the required notice was not given, an appeal under section 11-51-75 "would not have afforded [the plaintiff] adequate relief" and therefore "was not the exclusive remedy under the circumstances." *Jordan*, 202 So. 3d at 204 (¶11).

¶8. The City seems to concede that there were deficiencies in the published notice for the 2012 hearing before Byram's Mayor and Board of Aldermen. Indeed, the published notice that appears in the record lacks any mention of any of the parcels at issue. We conclude that the notice was deficient, and appeal was not the exclusive remedy. *Id.* at 204 (¶14). The Lees' complaint should not have been dismissed for failure to timely appeal under section 11-51-75.

## 2. Mootness

¶9.     Next, we consider the City's claim that the controversy is moot because of the 2014 rezoning of the dance-studio property.  The issue here boils down to a dispute over what property the 2012 ordinance rezoned; the ordinance stated that it was rezoning "certain property located on Siwell Road owned by Hillcrest Motors."  The Lees contend that by its own terms the 2012 zoning ordinance encompassed the eighty-seven-acre tract "*owned* by Hillcrest Motors" on Siwell Road; the City asserts that the tract rezoned was the *site* of Hillcrest Motors, a nearby (but non-adjacent) parcel owned by the proprietors of Hillcrest Motors.  (Emphasis added).  The City points out that the rezoned property was—at least sometimes—identified in the Zoning and Planning Commission documents as the "site" of Hillcrest Motors.  According to the City, the issue is moot because of the 2013 re-rezoning of the Hillcrest Motors site and the 2014 re-rezoning of the two-acre portion of the eighty-seven-acre tract that is the site of the dance studio.

¶10.    It is apparent to us that there is a remaining issue as to the effect of the 2012 ordinance because, on its face, the ordinance appears to refer to the property the Lees say it does.  Regardless of the City's interpretation of the ordinance and assertions regarding its intent, the ordinance itself controls.  Byram's Mayor and the Board of Aldermen, like any public board, can only speak and act through its minutes.  *Wellness Inc. v. Pearl River County Hosp.*, 178 So. 3d 1287, 1290 (¶9) (Miss. 2015).  The controversy is not moot.

### 3.     Failure to Prosecute

¶11.    Finally, the City contends that the suit should have been dismissed for failure to

prosecute.  This claim is raised for the first time on appeal, and it is barred as a result.  *See*

*Anderson v. LaVere*, 136 So. 3d 404, 410 (¶27) (Miss. 2014).

¶12.    **REVERSED AND REMANDED.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, CARLTON, WILSON, GREENLEE, WESTBROOKS AND TINDELL, JJ., CONCUR.**