# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2019-CC-01404-COA

**CARL BAILEY, AS A CONSTABLE OF
WESTERN DISTRICT OF JEFFERSON
COUNTY**

APPELLANT

v.

**JEFFERSON COUNTY BOARD OF
SUPERVISORS**

APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 08/02/2019 |
| TRIAL JUDGE: | HON. FRANK G. VOLLOR |
| COURT FROM WHICH APPEALED: | JEFFERSON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | WALTER HOWARD ZINN JR. |
| ATTORNEY FOR APPELLEE: | NICKITA SHANTA BANKS |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | REVERSED AND REMANDED - 06/01/2021 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**GREENLEE, J., FOR THE COURT:**

¶1.    After the Jefferson County Board of Supervisors removed Carl Bailey from office, Bailey filed a bill of exceptions in the Jefferson County Circuit Court. He subsequently filed a combined petition for a temporary restraining order and a motion for a preliminary injunction. Ultimately, the court found that Bailey's bill of exceptions was untimely filed, and the court held, "It is therefore ordered and adjudged that the relief sought in the Petition For Temporary Restraining Order and Motion for Preliminary Injunction is denied and the present action is dismissed for lack of jurisdiction." After review, we find that the court erred by dismissing Bailey's bill of exceptions for lack of jurisdiction, and we remand for

further proceedings.

## FACTS AND PROCEDURAL HISTORY

¶2.     According to the Board, Bailey assumed office as the constable for the western district of Jefferson County in January 2016. However, the Board alleged that in April 2016, Bailey moved out of his district. In a letter dated November 23, 2016, the county administrator informed Bailey that his move had violated election laws and requested his appearance at the next scheduled board meeting on December 5, 2016.

¶3.     In September 2017, the Board filed a complaint for writ of quo warranto in the circuit court. The Board asserted that Bailey continued to act as constable, preventing the Board from filling the position or calling a special election. The Board attached a letter dated January 18, 2017, requesting the district attorney to initiate a quo warranto proceeding. But according to the Board, the district attorney had not issued a letter of declination or initiated such a proceeding.

¶4.     On March 8, 2018, the circuit court filed an order of dismissal without prejudice. The court held that the Board's public writ could not proceed because it had not been brought by a proper party for the State—the district attorney or Attorney General. In addition, the court held that the Board's private writ could not proceed because "[t]he statute providing for quo warranto relief requires a [p]laintiff under a private writ to be seeking the right to office." And the Board "[was] not a claimant to the office of Constable."

¶5.     Approximately two months later, on May 7, 2018, the Board voted to remove Bailey

2

from office during an executive session.

¶6. On May 21, 2018, Bailey filed a bill of exceptions in the circuit court. He asserted that his removal from office was unlawful and violated his constitutional right to due process. He requested that the court vacate the Board's decision and sought "general relief." Meanwhile, in July 2018, the Board passed and adopted a resolution authorizing and setting a date for a special election. On August 6, 2018, Bailey filed his combined petition for a temporary restraining order and a motion for a preliminary injunction in the circuit court. He reasserted that he was unlawfully removed from office. He asked the court to enjoin the Board from continuing with its decision to vacate the constable position, from interfering with his capacity as a duly elected official, and from continuing with the special election. He also requested "the payment for damages and costs sustained in light of the interference with [his] duty to serve papers[;] court costs[;] attorney's fees[;] and any compensatory damages consistent with this court."

¶7. After a telephonic hearing, the court entered an order on August 2, 2019. The court found that Bailey's bill of exceptions was untimely filed. And the court held, "It is therefore ordered and adjudged that the relief sought in the Petition For Temporary Restraining Order and Motion for Preliminary Injunction is denied and the present action is dismissed for lack of jurisdiction."

¶8. In his Appellant's Brief, Bailey claims that the Board's decision to remove him from office without notice or a hearing violated his right to due process. He further claims that

3

the court erred by dismissing his bill of exceptions and denying injunctive relief. After the initial briefing, this Court entered an order directing the parties to file supplemental briefs addressing two issues:

1.    Is the issue of injunctive relief moot because Carl Bailey's term of office has expired?

2.    If the issue of injunctive relief is moot, are there any remaining issues?

Bailey and the Board filed supplemental briefs in response to the Court's order.

## DISCUSSION

¶9.    The circuit court did not reach the merits of Bailey's due process claim. And this Court does not consider matters that have not been decided by the trial court. *Fidelity & Deposit Co. of Maryland v. Ralph McKnight & Son Const. Inc.*, 28 So. 3d 1282, 1285 (¶14) (Miss. 2010). Additionally, in his supplemental brief Bailey concedes that the issue of injunctive relief is moot. This Court does not consider moot questions. *Guyse v. State*, 282 So. 3d 1287, 1289 (¶5) (Miss. Ct. App. 2019). Therefore, the sole issue before this Court is whether the court erred by dismissing Bailey's bill of exceptions for lack of jurisdiction.

¶10.    It is well-established that jurisdictional issues and questions of law are reviewed de novo. *City of Jackson v. Allen*, 242 So. 3d 8, 13 (¶17) (Miss. 2018).

¶11.    Mississippi Code Annotated section 11-51-75 (Rev. 2012), which governs appeals from decisions by municipal authorities, provided in part:

Any person aggrieved by a judgment or decision of the board of supervisors . . . may appeal within ten (10) days from the date of adjournment at which session the board of supervisors . . . rendered such judgment or decision, and

4

may embody the facts, judgment and decision in a bill of exceptions which shall be signed by the person acting as president of the board of supervisors . . . . The clerk thereof shall transmit the bill of exceptions to the circuit court at once, and the court shall either in term time or in vacation hear and determine the same on the case as presented by the bill of exceptions as an appellate court, and shall affirm or reverse the judgment.

Miss. Code Ann. § 11-51-75.[1]

¶12. With respect to the ten-day deadline set forth in section 11-51-75, our supreme court has stated:

The ten-day statutory limit in which to appeal a decision rendered by municipal authorities is both mandatory and jurisdictional. Thence, when an appeal of a decision rendered by municipal authorities is not perfected within the statutory time constraint of ten days, no jurisdiction is conferred upon the appellate court, i.e., the circuit court.

*City of Jackson v. Jordan*, 202 So. 3d 199, 203 (¶9) (Miss. 2016) (quoting *McPhail v. City of Lumberton*, 832 So. 2d 489, 492 (¶8) (Miss. 2002)).

¶13. The Board rendered its decision on May 7, 2018. Bailey filed his bill of exceptions two weeks later on May 21, 2018. This filing exceeded the ten-day deadline set forth in section 11-51-75. However, in *Jordan*, 202 So. 3d at 204 (¶14), our supreme court made it clear that "the appeal process of Section 11-51-75 contemplates the aggrieved party receiving proper notice of the hearing."

¶14. Bailey asserts that he did not receive notice of the proceeding and therefore was

---

[1] In 2018, the Legislature amended this statute to provide that an appeal shall be taken by filing a notice of appeal rather than a bill of exceptions. 2018 Miss. Laws ch. 448, § 1 (H.B. 1239). However, those amendments do not affect this appeal.

prevented from complying with section 11-51-75. In response, the Board contends that it requested Bailey's presence numerous times. However, the record contains only one letter where the Board requested Bailey's presence. This letter is dated November 2016, which was approximately eighteen months before the Board ultimately removed Bailey from office in May 2018. We cannot say this was sufficient notice. Additionally, although the bill of exceptions did not contain the signature of the president of the Board, our supreme court has held that "the signature . . . is not a jurisdictional requirement." *City of Jackson v. Allen*, 242 So. 3d 8, 16 (¶31) (Miss. 2018). Therefore, we find that the court erred by dismissing the bill of exceptions for lack of jurisdiction.

¶15. In his supplemental brief, Bailey acknowledges that he "[cannot] be restored to his position [as constable]," but he claims he should be awarded damages "for the loss of wages sustained[,] . . . other nominal damages, and special damages . . . ." In the conclusion of his supplemental brief, he requests "relief for damages sustained from the Board's decision including but not limited to nominal and compensatory damages; pecuniary damages; costs of appeal and attorney's fees; and . . . such other and further relief as the circumstances warrant." On remand, the circuit court should determine whether Bailey has preserved any claim for relief or damages, including whether he was eligible to serve in his prior elected office because of his residency. We express no opinion regarding whether Bailey has any legal right to recover damages or whether his claim is viable, as the parties have not addressed those issues on appeal.

6

¶16. Finally, Bailey requests attorney's fees and costs of appeal. Our supreme court has recently held that a request for appellate attorney's fees must be made in a motion that complies with Mississippi Rule of Appellate Procedure 27(a). *Latham v. Latham*, 261 So. 3d 1110, 1114-16 (¶¶21-24) (Miss. 2019). Because Bailey did not file such a motion, we decline to address any request for attorney's fees. However, pursuant to Mississippi Rule of Appellate Procedure 36(a), "[i]f a judgment is reversed, costs shall be taxed against the appellee unless otherwise ordered."

¶17. **REVERSED AND REMANDED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., WESTBROOKS, LAWRENCE, McCARTY AND SMITH, JJ., CONCUR. EMFINGER, J., DISSENTS WITH SEPARATE WRITTEN OPINION. McDONALD, J., NOT PARTICIPATING.**

**EMFINGER, J., DISSENTING:**

¶18. On May 7, 2018, at one of its regular meetings, the Jefferson County Board of Supervisors voted three to two to remove Carl Bailey as Constable because he moved out of his district. On May 21, 2018, Bailey filed a bill of exceptions in the Circuit Court of Jefferson County, appealing the board's action and asking the court to vacate the order removing him from office.[2] On August 6, 2018, Bailey filed a verified emergency petition for a temporary restraining order and a motion for a preliminary injunction. Apparently, a telephonic hearing was conducted.[3] By virtue of an order signed on July 31, 2019, the court

---

[2] While the document filed was titled "Bill of Exceptions," both sides agree that a proper bill of exceptions was never completed and filed in this case.

[3] There is no transcript of this hearing in the record.

dismissed Bailey's appeal for lack of jurisdiction because the bill of exceptions was not filed within ten days as required by Mississippi Code Annotated section 11-51-75 (Rev. 2012).[4]

In *Foster v. Edwards*, 61 So. 3d 960, 963 (¶8) (Miss. Ct. App. 2011), this Court said:

> The Mississippi Supreme Court has consistently held that the statute's ten-day time limit is both "mandatory and jurisdictional." *Ball v. Mayor and Bd. of Aldermen of City of Natchez*, 983 So. 2d 295, 299 (¶8) (Miss. 2008); *Newell v. Jones County*, 731 So. 2d 580, 582 (¶10) (Miss. 1999). Therefore, "where an appeal is not perfected within the statutory time constraints[,] no jurisdiction is conferred on the appellate court, and the untimely action should be dismissed." *Newell*, 731 So. 2d at 582 (¶10) (citing *Moore v. Sanders*, 569 So. 2d 1148, 1150 (Miss. 1990)).

In the same order of July 31, 2019, the circuit court denied the petition for a temporary restraining order and the motion for a preliminary injunction. Because I would affirm the decision of the special circuit court judge, I respectfully dissent.

¶19. On appeal, Bailey does not contest the dismissal of his appeal pursuant to Mississippi Code Annotated section 11-51-75 as untimely. His sole contention on appeal is that the circuit court erred by failing to consider his claim for an alleged due process violation. He contends that he was not given proper notice and an opportunity to be heard. As the majority suggests, there are a number of cases where our courts have held that when notice to appear is deficient, the remedy of appeal as provided for in Mississippi Code Annotated section 11-51-75 is not the exclusive remedy. In *Tippah County v. LeRose*, 283 So. 3d 149, 153 (¶14)

---

[4] The circuit court order dismissing the appeal states that the appeal was dismissed because it was not filed within ten days as required by statute. The dismissal was not based upon whether the bill of exceptions filed by the appellant was sufficient and/or properly signed and authenticated.

8

(Miss. 2019), the board of supervisors voted to abandon a public road and then, over a year later, voted to rescind the prior order without giving notice to landowners. The landowners did not file an appeal pursuant to section 11-51-75, but instead filed suit for a declaratory judgment seeking damages for due process violations and the unconstitutional taking of their property without compensation. Because of the lack of notice, the supreme court found that the landowners were not limited to the appeal process under section 11-51-75 and that the circuit court had jurisdiction to hear the declaratory judgment complaint.

¶20.    In *City of Jackson v. Jordan*, 202 So. 3d 199, 201 (¶1) (Miss. 2016), cited by the majority, the city held a condemnation hearing, the property was declared condemned, and the property was demolished. After the demolition, the property owner filed a tort claims act suit seeking damages against the city for, among other claims, the deprivation of property without due process because he had not received notice from the city. *Id*. The city sought dismissal of the claim because the property owner had failed to timely appeal the city's decision pursuant to section 11-51-75. *Id*. at 202 (¶3). The court found that the circuit court did not err in failing to dismiss the property owner's claim because, due to the lack of notice, the appeal process was not the exclusive remedy. *Id*. at 202 (¶5). In *Jordan*, the supreme court cites a number of cases where courts have found that the appeal process set forth in section 11-51-75 to be the exclusive remedy and also cites a number of cases where, due to the lack of notice, the appeal process was not the exclusive remedy.

¶21.    While these cases are instructive, they do not control the decision in the present case.

The above cases indicate that a party who was not given proper notice of some action by a governing authority may file a complaint seeking relief, and that party is not limited to filing their complaint within ten days pursuant to an appeal under section 11-51-75. However, instead of filing a separate complaint for damages for a violation of his due process rights, serving the Board with the complaint and summons,[5] requiring the Board to file an answer, going through the discovery process, and then having a trial on the merits, Bailey attempted to pursue his damage claims by filing a petition for an injunction in the appeal proceeding. Once the appeal was dismissed, there was no "substantial likelihood" that Bailey would prevail on the merits. In *Short v. Williams*, 303 So. 3d 87, 94 (¶23) (Miss. Ct. App. 2020), this Court said:

> Under Rule 65, the Shorts were required to demonstrate that "(i) there exists a substantial likelihood that they will prevail on the merits; (ii) the injunction is necessary to prevent irreparable harm; (iii) the threatened injury to them outweighs the harm an injunction might do to the opposite party; and (iv) granting a preliminary injunction is consistent with the public interest." *Littleton v. McAdams*, 60 So. 3d 169, 171 (¶10) (Miss. 2011). *A plaintiff must plead a viable cause of action against a defendant before injunctive relief can be granted.* Hinton v. Rolison, 175 So. 3d 1252, 1260 (¶27) (Miss. 2015) (quoting *Greater Fairview Missionary Baptist Church v. Hollins*, 160 So. 3d 223, 229 (¶21) (Miss. 2015)). "Mississippi courts are not authorized to resolve every claim and dispute that may arise between our citizens. *The plaintiff must file a complaint which alleges some cognizable claim or cause of action against the defendant.*" Id.

(Emphasis added). Because Bailey did not file and properly serve a complaint for damages

<hr />

[5] Even if we were to consider the verified petition as a complaint, no summons was issued, and no service was perfected within 120 days of its filing. M.R.C.P. 4(h).

in this cause, I would affirm the circuit court's decision.